**Gurmit SINGH, Petitioner—Appellant,**

**v.**

**Charles H. DeMORE; Alberto R. Gonzales, Attorney General, Respondents—Appellees.**

**Gurmit Singh, Petitioner,**

**v.**

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 03–16209, 03–72692.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided Sept. 27, 2005.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner–Appellant.

Edward A. Olsen, San Francisco, CA, for Respondents–Appellees.

Regional Counsel, Earle B. Wilson, Esq., Leslie McKay, Washington, DC, for Respondent.

Before: CANBY and HAWKINS, Circuit Judges, and DUFFY,* District Judge.

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

MEMORANDUM **

## BACKGROUND

One month after illegally entering this country on or about March 15, 1996, Gurmit Singh ("Petitioner") filed an application with the Immigration and Naturalization Service ("INS") for asylum and withholding of deportation, alleging that he had been persecuted in India on account of his suspected support for the Sikh independence movement. Ultimately, an Immigration Judge ("IJ") found Petitioner ineligible for this relief, and ordered his deportation on February 22, 1998. Petitioner timely appealed this decision to the Board of Immigration Appeals ("BIA"), which summarily denied his appeal on July 9, 2002. Following the BIA's ruling, Petitioner met with a new attorney, Bruce Burns, who "promised ... that he would file a timely appeal before the Ninth Circuit." Petitioner alleges that as the thirty-day deadline for filing an appeal approached, he "became worried about the lack of any action in [his] case." Accordingly, Petitioner sent emails to Burns on three separate occasions—July 24, 26, and 29, 2002—inquiring about the status of his appeal. The last email from Petitioner read:

> I haven't got any response from you regarding appeal to 9th circuit court before August 9, 2002. Given how INS is treating immigrants like me these days, makes me very worried. Please let me know when you [sic] planning to file for appeal?

Burns responded to Petitioner on August 9, 2002 (the deadline for filing the appeal), writing:

Gurmit, It would be a waste of time, money and energy to file an Appeal with the 9th Circuit. All that would do is to have another court deny your case. However, there is another way we can help you. I will contact you over the weekend regarding what has to be done.

Importantly, Petitioner's personal situation had substantially changed by that point. He married a United States citizen on October 12, 1999 and had one child with her on November 20, 2000.[1] Thus, according to Petitioner, Burns "promised [Petitioner] that he would file a Motion to Reopen at the BIA"—apparently on the ground that Petitioner's immigration status should be changed because of his marriage to a United States citizen. See 8 U.S.C. § 1255. Petitioner subsequently sent at least four emails—August 13, September 20 and 26, and October 1, 2002—inquiring about the status of this motion. The record contains no response to these emails, but Petitioner claims that "Burns continued to assure me that my case was being taken care of and that I would not be at risk of deportation."

Burns's assurances notwithstanding, the INS ordered Petitioner to surrender on January 7, 2003, which he did. On that same day, Burns filed an Application for a Stay of Deportation on Petitioner's behalf in order to "pursue motion to reopen proceedings because of ineffective assistance of counsel" and because of Petitioner's marriage to a United States citizen. This application was denied on or about January 17, 2003. Around this time, Burns also filed on Petitioner's behalf an Emergency

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner's wife filed an Immigrant Relative Petition (Form I–130) on his behalf on or about November 16, 1999. It appears that at the time of Petitioner's appeal to this Court (December 2004), this petition had still not been ruled on.

Motion for a Stay of Removal with this Court, which was denied on March 25, 2003 for failure to prosecute.

After being taken into INS custody, Petitioner retained new counsel. On or about January 27, 2003, Petitioner filed a motion with the BIA "to re-open his [deportation] proceedings and remand [his] case to the [IJ] in order to enable [Petitioner] to apply for adjustment of status based on his marriage to a United States citizen." The INS opposed this motion and the BIA denied it on July 3, 2003, primarily because it was untimely.

Around the same time, Petitioner filed a petition for habeas corpus relief with the Northern District of California (the "District Court") on the ground that Burns's ineffective assistance denied him an opportunity to appeal the BIA's affirmance of the IJ's asylum determination to this Court. Petitioner thus requested that the District Court order the BIA to re-issue its earlier decision so that a timely petition for review could be filed with this Court. This claim was also rejected, as the District Court found that it lacked jurisdiction because Petitioner could have raised this claim in a motion to reopen with the BIA, which he failed to do.

Petitioner timely appealed both decisions.

## DISCUSSION

### A. Conversion and Merger of the Habeas Petition

On May 11, 2005, the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, went into effect. Among other things, the Act provided that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5) (as amended by REAL ID Act § 106(a)(1)). To that end, the Act eliminated habeas petitions challenging final orders of removal. *See* 8 U.S.C. § 1252(b)(9) (as amended by REAL ID Act § 106(a)(2)) (noting that except where specifically provided "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision ... to review" any "final order" of removal or any "questions of law or fact ... arising from any ... proceeding brought to remove an alien from the United States").

■ With respect to deportation cases commenced before April 1, 1997 (such as the one here), any previously filed habeas petition pending in district court at the time of the REAL ID Act's enactment is transferred to the appropriate Court of Appeals and "treated as if it has been filed as a petition for review" under 8 U.S.C. § 1252(b)(9). *See* 8 U.S.C. § 1252(note) (as amended by REAL ID Act § 106(c)). Importantly, however, the thirty day deadline does not apply to such transferred petitions. *See id.* Petitioner's habeas petition was not pending in the District Court on the date of enactment of the REAL ID Act, but his appeal of the District Court's order denying his habeas claim was pending before this Court. Accordingly, we treat Petitioner's appeal of the District Court's decision as a timely petition for review. We therefore merge this petition for review with the one challenging the BIA's refusal to reopen Petitioner's deportation proceedings. As set forth below, we remand this matter to the BIA pursuant to *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

### B. Remand of the Merged Petition for Review to the BIA

It is undisputed that Petitioner filed his motion to reopen with the BIA *after* the expiration of the ninety day time limit. *See* 8 C.F.R. § 1003.2. Petitioner argued to

the BIA that this deadline should have been tolled because of the ineffective assistance of his counsel. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) ("This court, however, recognizes equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error.").

The BIA did not consider the merits of this claim, but rejected Petitioner's motion on the ground that he failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998). In *Lozada*, the BIA required movants asserting ineffective assistance claims to:

> (1) submit an affidavit setting forth in detail the agreement entered into with counsel regarding the alien's representation; (2) present evidence that counsel was informed of the allegations of ineffective assistance and given an opportunity to respond; and (3) either show that a complaint against counsel was filed with the proper disciplinary authorities or explain why no such complaint was filed.

*Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir.2003).

As a general matter, the BIA "does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada*." *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir.2004) (internal quotation omit-

ted). On the other hand, the *Lozada* "factors are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance." *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir.2002). Noncompliance with *Lozada* may be excused where "both ... an adequate factual basis exists in the record for an ineffectiveness complaint and ... the complaint is a legitimate and substantial one." *Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000). In fact, this Court "seldom reject[s] ineffective assistance of counsel claims *solely* on the basis of *Lozada* deficiencies." *Lo*, 341 F.3d at 937 n. 4 (emphasis in original).

■ Here, Petitioner's submission to the BIA included: (1) a declaration that generally laid out the scope of Burns's representation of him—including Burns's promise to file a motion to reopen with the BIA and his assurance that Petitioner would not be deported; (2) a letter addressed to Burns informing Burns of the complaint Petitioner lodged with the California state bar and purporting to include the declaration he submitted to the BIA; and (3) a complaint Petitioner filed with the California bar. Petitioner also submitted additional evidence to this Court that cures some of the purported defects with *Lozada*, including correspondence between himself and the State Bar of California setting forth the general terms of his agreement with Burns and enclosing copies of one check to Burns. In addition, Petitioner provided this Court with documentation showing that Burns resigned in 2005 from the practice of law, with charges pending against him.[2]

---

**2.** Petitioner also requests that we take judicial notice of certain official records of the State Bar of California relating to Petitioner's complaint against Burns. These records indicate that Burns requested and received an extension of time to respond to Petitioner's complaint but apparently never did. We note that

such records are a proper subject for judicial notice. *See, e.g., Castillo–Perez*, 212 F.3d at 524 n. 6. We emphasize, however, that our decision to remand is based on the administrative record. We refer to this additional evidence simply to indicate that the BIA will

Petitioner also makes a showing of ineffective assistance. Petitioner sent Burns a variety of emails inquiring about the status of filing a motion to reopen, all of which went unanswered. Petitioner maintains that Burns "continued to assure me that my case was being taken care of and that I would not be at risk of deportation." This statement is corroborated: although Burns continued to represent Petitioner as the motion to reopen filing deadline approached, Burns did not file any motion or application on Petitioner's behalf until Petitioner was ordered to surrender on January 7, 2003; on that date, Burns filed an Application to Stay Deportation, representing that a motion to reopen on ineffective assistance of counsel grounds and marital status would be forthcoming. That Burns filed such an application at the eleventh hour rather than within the ninety day time limit (of which he was well aware) corroborates Petitioner's allegations of ineffective assistance. *Cf. Rodriguez–Lariz*, 282 F.3d at 1226 (holding that attorney's failure to timely file application for suspension of deportation despite contrary representations to client constituted ineffective assistance); *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (finding ineffective assistance of counsel where attorney failed to timely file an application for waiver of deportation; "In our view, a competent attorney would have filed [such a motion] after his or her client requested permission to do so at the deportation hearing.").

Given the facts of record, and given the principle that the *Lozada* factors "are not rigidly applied," we vacate the BIA's denial of Petitioner's motion to reopen on *Lozada* grounds. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) ("Because the face of the administrative record 'demonstrates the legitimacy' of the [petitioner's] ineffective assistance of counsel claim, and because [petitioner] substantially complied with the *Lozada* requirements, under the precise facts of this case ... [the petitioner's] failure to completely satisfy *Lozada* ... is not fatal to his claim."). We remand this matter to the BIA to consider the merits of Petitioner's motion to reopen, including whether the ninety day deadline should have been equitably tolled based on his counsel's ineffective assistance. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1125 (9th Cir.2000) (vacating BIA's denial of Petitioner's motion to reopen on *Lozada* grounds and remanding "so that it can address [the petitioner's] claim of ineffective assistance of counsel on the merits").[3] If the BIA denies the motion to reopen, Petitioner may file a timely petition for review with this Court, challenging both the BIA's denial of that motion and its earlier affirmance of the IJ's denial of his asylum application.

## CONCLUSION

Thus, in Case No. 03–16209 the petition for review brought about under the REAL ID Act is merged with the petition for

---

have new material to address when it entertains the Petitioner's motion to reopen.

**3.** In *In re Mario Eduardo Velarde–Pacheco*, 23 I. & N. Dec. 253 (BIA 2002), the BIA concluded that "a properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment" where five factors are present—one of which is that the

"[Immigration and Naturalization] Service either does not oppose the motion or bases its opposition solely on *Matter of Arthur*." *Id.* at 256. In denying Petitioner's motion, the BIA noted that it was distinguishable from *Velarde–Pacheco* because it was untimely *and* was opposed by the INS. It is unclear whether the BIA would have denied Petitioner's motion solely on the INS's opposition. Remand is appropriate.

review filed in Case No. 03–72692. This Petition is GRANTED and the matter is REMANDED to the BIA for proceedings consistent with this disposition.