**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0817n.06
Filed: November 7, 2006

**No. 04-4201**

**UNITED STATES C\OURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROMAN HERRERA-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF A |
| | ) | DECISION OF THE BOARD OF |
| ALBERTO R. GONZALES, ATTORNEY | ) | IMMIGRATION APPEALS |
| GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

Before: RYAN, BATCHELDER and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Roman Herrera-Lopez seeks review of a Board of Immigration Appeals' decision denying his requests for waiver of misrepresentation and voluntary departure. As Congress has not given us jurisdiction to review the fact-bound denials of either claim and as Herrera-Lopez has not exhausted his due process challenge to the waiver-of-misrepresentation claim, we dismiss the appeal.

I.

A citizen of Mexico, Roman Herrera-Lopez has twice entered the United States illegally. In 1987, he accompanied his brother into the country, working here unlawfully until 1991 when police

arrested him on suspicion of stealing money from his employer. The INS took him into custody, but instead of removing him to Mexico it permitted him to leave the country voluntarily.

Herrera-Lopez reentered the United States in September 1992, this time by obtaining an immigrant visa premised on the claim that he was the unmarried son of a permanent resident. Unbeknownst to immigration officials, Herrera-Lopez was not single; he had been married nine months earlier in Mexico. His wife eventually joined him in this country, where his parents and siblings live and where his two children ultimately were born.

On May 27, 1993 the Department of Justice issued a show-cause order, demanding that Herrera-Lopez appear at a hearing to answer allegations that he had violated § 212(a)(1)(A) of the Immigration and Nationality Act by entering the United States without a valid immigrant visa, *see* § 212(a)(7)(A)(i)of the Act; *see also* 8 U.S.C. § 1182(a)(7)(A)(i), and by willfully misrepresenting his marital status when he applied for an immigrant visa, *see* INA § 212(a)(6)(C)(i); 8 U.S.C. § 1182(a)(6)(C)(i). The government later added a third charge—that Herrera-Lopez had violated § 212(a)(5)(A)(i) of the Act, *see* 8 U.S.C. § 1182(a)(5)(A)(i), by entering the United States to work without the permission of the Secretary of Labor.

When Herrera-Lopez failed to appear at the hearing, the immigration judge ordered him removed to Mexico. Herrera-Lopez filed a motion with the BIA to reopen his case. Determining that it lacked authority to consider Herrera-Lopez's motion in the first instance, the BIA remanded the case to the immigration judge who granted the motion.

During his hearing in February 1999, the immigration judge asked Herrera-Lopez several questions about his criminal history. When the judge asked whether he had been "arrested [for] or convicted" of any crimes other than the alleged theft in 1991, Herrera-Lopez replied, "According to my memory, that is the only time that I was ever arrested." JA 41. A short time later, the judge asked again about Herrera-Lopez's criminal background: "Sir, yes or no; other than [the stealing] incident, have you ever been arrested or convicted?" Herrera-Lopez responded, "Just that once. What more can I say? As far as I remember, only that once." JA 42. Contrary to Herrera-Lopez's testimony, it turned out that he had been convicted three other times: domestic battery, public nuisance and an open-container violation.

In considering Herrera-Lopez's waiver-of-misrepresentation claim, the immigration judge acknowledged that Herrera-Lopez was eligible for the waiver and that his family circumstances counseled in favor of granting it. But she nonetheless denied the request because Herrera-Lopez had "not been candid with the Court" regarding his criminal record and because he had entered the United States by fraud. IJ Op. at 5–6. The immigration judge also rejected Herrera-Lopez's request for voluntary departure, noting that he was not a person of good moral character, a precondition for granting this form of relief. The judge ordered Herrera-Lopez's removal to Mexico.

Herrera-Lopez appealed to the BIA, which affirmed the immigration judge's decision. The BIA agreed with the immigration judge that Herrera-Lopez met the eligibility requirements for waiver, but also agreed that he had "intentionally misrepresented his criminal record." BIA Op. at 1.

On appeal, Herrera-Lopez argues that the immigration judge (1) misapprehended his answers to her questions about his criminal history and (2) violated his due process rights by failing to give him an opportunity to address evidence of his three prior convictions.

II.

Because the government initiated these removal proceedings before April 1, 1997, and because the immigration judge entered the final order of removal after October 30, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act apply. *See Elia v. Gonzales*, 431 F.3d 268, 272 (6th Cir. 2005). Under the transitional rules, no judicial review is permitted for a "decision or action of the Attorney General" that is within "the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B).

The Immigration and Nationality Act commits waivers of misrepresentation to "the discretion of the Attorney General." *See* 8 U.S.C. § 1227(a)(1)(H). The Act also gives the Attorney General "discretion" to grant voluntary departures. *See* 8 U.S.C. § 1254(b)(e)(2) (current version at 8 U.S.C. § 1229c); *see also Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004) (determining that the court lacked jurisdiction under the transitional rules to review the discretionary decision of the immigration judge to deny a request for voluntary departure).

Because the Attorney General has discretion to grant these remedies, we do not have jurisdiction to review either of these claims unless Herrera-Lopez can show that an exception to this jurisdiction-stripping provision applies. No exception, it is clear, exists for claims that present only

- 4 -

fact-based objections to an immigration judge's denial of discretionary relief. *See, e.g.*, *Singh v. Gonzales*, 451 F.3d 400, 410–11 (6th Cir. 2006) (holding that the court did not have jurisdiction to hear an appeal from a discretionary denial of an alien's request for waiver of misrepresentation). We thus lack jurisdiction to review Herrera-Lopez's contention that the immigration judge erroneously interpreted the facts upon which she based her decision.

Herrera-Lopez's due process claim is another matter, though in the end we also lack authority to review that claim. The Immigration and Nationality Act excepts constitutional challenges from its bar on judicial review, *see* 8 U.S.C. § 1252(a)(2)(D) (permitting courts to review "constitutional claims [and] questions of law"), so in that sense we have authority to review this claim. The problem for Herrera-Lopez is that he failed to exhaust available administrative remedies with regard to this claim. *See* 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right. . . ."); *see also Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004) ("The purpose of Section 1252(d)(1)'s exhaustion requirement is (1) to ensure that the INS . . . has had a full opportunity to consider a petitioner's claims; (2) to avoid premature interference with the agency's processes; and (3) to allow the BIA to compile a record which is adequate for judicial review. . . . [T]hese goals would be subverted by considering an issue that was not properly presented to the BIA.") (internal quotation marks omitted).

In appealing the immigration judge's decision to the BIA, Herrera-Lopez neither presented a due process claim nor requested an opportunity to address the criminal-conviction evidence

submitted by the government. Had he done so, the BIA would have had an opportunity to correct any procedural infirmity that might have existed. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (finding no jurisdiction to review an alien's due process claim because an "alien must raise correctable procedural errors to the BIA").

## III.

Because the Immigration and Nationality Act precludes us from considering a fact-based attack on the immigration judge's denial of discretionary relief and because Herrera-Lopez failed to exhaust his administrative remedies with respect to his due process claim, we dismiss the petition for lack of jurisdiction.