**Martin MINASYAN, aka Martinos Minas, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74579.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 27, 2006.

Filed Nov. 16, 2006.

Katherine Lien, David L. Ross, Esq., Ross, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kelly J. Walls, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRIGHT *, BEA, and IKUTA, Circuit Judges.

### MEMORANDUM **

Martin Minasyan ("Minasyan") appeals the Board of Immigration Appeals' ("BIA") decisions affirming Immigration Judges' ("IJ") decisions denying Minasyan's Motion to Reopen his *in absentia* removal and upholding the rescission of the adjustment of Minasyan's status to permanent resident alien.

The BIA abused its discretion by applying the wrong test to determine Minasyan's Motion to Reopen was not entitled to equitable tolling. Minasyan's Motion to Reopen was entitled to equitable tolling because he was defrauded by a nonattorney, *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). Further, he did not lack diligence in discovering the fraud because the record does not establish Minasyan was represented at his removal hearing by an attorney, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002). Because the BIA explicitly limited its analysis to equitable tolling, we reverse and remand to the BIA for consideration of whether exceptional circumstances exist to reopen Minasyan's *in absentia* removal. *Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir.2000).

We do not have jurisdiction under 8 U.S.C. § 1252 to consider the rescission of Minasyan's adjustment of status because the rescission of Minasyan's adjustment of status is not inextricably intertwined with his removal. *Waziri v. INS*, 392 F.2d 55, 56 (9th Cir.1968). We note, however, that if the BIA grants the requested reopening, Minasyan may immediately thereafter be eligible for adjustment of status. 8 U.S.C. § 1229a(b)(7); 8 U.S.C. § 1255(a). Furthermore, regardless of the outcome on remand, Minasyan may become eligible for adjustment of status on September 27, 2007. *Id.*

**REVERSED AND REMANDED** in part, **DISMISSED** in part.

---

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.