NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0091n.06
Filed: February 6, 2007

**No. 05-4357**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MAMADOU SIDY SALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ALBERTO R. GONZALES, Attorney | ) | IMMIGRATION APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; WEBER, District Judge.[*]

COOK, Circuit Judge. Mamadou Sidy Sall petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge (IJ) denying his application for asylum and withholding of removal. We conclude that this court lacks jurisdiction over Sall's claims, and therefore we must dismiss the petition.

I

After immigration authorities began proceedings against Sall, a native and citizen of Guinea, he applied for asylum and withholding of removal. Sall testified before the IJ that he had entered

_____

[*]The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

the United States using the passport of his cousin, Mamadou Bailo Ba. But by the time of the

hearing, he no longer had this document and claimed he had mailed it back to his cousin. The plane

ticket he used to enter the United States was also in the name of Mamadou Bailo Ba. Upon arrival

in New York, Sall claims he went by bus to Memphis, where he met Abu Bakrar Barrie. Barrie did

not testify on Sall's behalf, and Sall had virtually no other evidence to establish his identity.

The IJ denied the application for asylum and withholding of removal, reasoning (1) that Sall

failed to establish his identity and thus failed to establish by clear and convincing evidence that he

(as opposed to someone else) had filed within one year of his arrival in the United States, as required

by 8 U.S.C. § 1158(a)(2)(B); (2) that Sall was not credible; and (3) that even if credible, he failed

to establish entitlement to relief because he failed to corroborate his story. The IJ found it significant

that Abu Bakrar Barrie could have been—but was not—subpoenaed to testify on Sall's behalf.

On September 30, 2005, the BIA adopted the IJ's decision with little additional analysis. Sall

retained new counsel, Orest Bezpalko II, and filed this appeal on October 31, 2005. He now claims

that (1) the IJ and the BIA should not have considered his application untimely, and (2) his former

counsel, James E. Irion, provided constitutionally ineffective assistance, resulting in the denial of

his petition for asylum and withholding of removal. We conclude that this court lacks jurisdiction

to consider both claims.

II

No. 05-4357
*Sall v. Gonzales*

For his asylum application to be considered timely, an alien must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). "No court shall have jurisdiction to review" the Attorney General's determination that an asylum application is untimely. 8 U.S.C. § 1158(a)(3); *see also Castellano-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003).

Despite this statutory language, this court has previously held that § 1158(a)(3) does not bar judicial review of agency practices that amount to a violation of due process. *Gjyzi v. Ashcroft*, 386 F.3d 710, 714 (6th Cir. 2004) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991)). In *Gjyzi*, the alien filed an asylum petition on October 29, 2001, but there was conflicting evidence about the exact date of his entry into the United States: his asylum application listed November 5, 2000, but he testified before the IJ that it was December 5, 2000. *See id.* at 712–13. Based on this inconsistency, the IJ found him not credible and denied the application as untimely. *Id.* at 713. Although the BIA rejected the IJ's credibility determination, it upheld the IJ's determination that the application was untimely. *Id.* On appeal, this court opined that both conclusions as to timeliness were inexplicable because no matter the actual date—November 5 or December 5—the application was timely because *either* date would be within the one-year time limit. *Id.* at 714. Thus, the court asserted jurisdiction despite 8 U.S.C. § 1158(a)(3) because the agency's determination "lack[ed] an actual or divinable reasoned basis" and therefore represented a colorable due process violation. *Id.*

But in this case, the IJ did state "an actual or divinable reasoned basis": He found that neither Sall's documentary evidence nor his testimony established his identity, and therefore Sall could not

- 3 -

prove by clear and convincing evidence that he (as opposed to someone else) had filed for asylum within one year of entry. As for the documentary proof, the IJ remarked that Sall presented only a flight coupon indicating that "Mamadou Bailo Ba" entered the United States. The IJ concluded that Sall did not "establish[] to the Court's satisfaction that he and Mamadou Bailo Ba are the same person." The IJ also found Sall's testimony not credible on the issue of his identity. Sall's brief criticizes these justifications, arguing that he testified to his identity and complaining that "[t]he IJ never stated why the IJ did not believe that [he] was truthful regarding [his] identity." It is true that the IJ never explained why he disbelieved Sall's explanation as to his identity in particular, but the IJ did find Sall generally not credible because of material discrepancies between his asylum application and his live testimony.[1] Put simply, this is not a case where the agency inexplicably concluded that eleven months exceed one year; rather, it appears to be a routine adverse credibility determination. Therefore, the *Gjyzi* exception to the § 1158(a)(3) jurisdictional bar does not apply, and this court lacks jurisdiction to review the IJ's determination that Sall's asylum petition was untimely.

III

Sall claims that his former attorney, James E. Irion, provided constitutionally ineffective assistance in his immigration proceedings. We conclude that we lack jurisdiction over this claim

---

[1]Moreover, in another section of his brief, Sall concedes that the IJ "continuously provided examples where deficiencies existed" in the corroboration of his claims, including his identity.

because Sall did not comply with the statutory exhaustion requirement.

The immigration laws guarantee an alien "the privilege of being represented (at no expense to the Government) by such counsel . . . as he shall choose." 8 U.S.C. § 1362. Although this language does not by its terms guarantee an alien a certain level of quality on the part of his chosen counsel, this court has held that "[i]neffective assistance of counsel violates an alien's due process rights." *Hamid v. Ashcroft*, 336 F.3d 465, 468 (6th Cir. 2003).[2] The question here is whether Sall may present his ineffective-assistance-*cum*-due process claim to the Sixth Circuit without having presented it to either the IJ or the BIA.

By statute, "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Nevertheless, it seems an alien need not exhaust a due process claim if the BIA is incapable of correcting the alleged error through its own processes. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) ("Although an alien's due process challenge generally does not require exhaustion (the BIA lacks authority to review constitutional challenges), the alien must raise correctable procedural errors to

---

[2]Our sister circuits are split on this issue. *Compare Magala v. Gonzales*, 434 F.3d 523, 525 (7th Cir. 2005) (reasoning that "lawyers' mistakes in civil litigation are imputed to their clients"), *and Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005) (finding no Sixth Amendment right against ineffective assistance in immigration proceedings), *with Betouche v. Ashcroft*, 357 F.3d 147, 149 (1st Cir. 2004) (aliens have "a Fifth Amendment due process right to be free from incompetent legal representation which renders their deportation proceedings 'fundamentally unfair'"). The Fifth Circuit has reserved decision while noting that several cases, in dicta, have identified an alien's due process right against attorney performance so deficient that it "impinge[s] upon the fundamental fairness of the hearing." *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 & n.15 (5th Cir. 2006).

the BIA."); *Herrera-Lopez v. Gonzales*, No. 04-4201, 2006 WL 3218544, at *3 (6th Cir. Nov. 7, 2006) (holding that § 1252(d) barred review of a due-process claim where the alien did not give the BIA "an opportunity to correct any procedural infirmity that might have existed"). We must therefore determine whether Sall's claim is directed at a "correctable procedural error" that the BIA can address through its own procedures. It is; Sall may present his ineffective-assistance claim in a motion to reopen immigration proceedings under 8 U.S.C. § 1229a(c)(7)(C) and its accompanying regulation, 8 C.F.R. § 1003.2(c). Specifically, Sall may present his ineffective-assistance claim according to the three-step process of *Matter of Lozada*, 19 I. & N. Dec. 637, 639, 1988 WL 235454 (B.I.A.), *aff'd*, 857 F.2d 10 (1st Cir. 1988). *See Sswajje v. Ashcroft*, 350 F.3d 528, 533 (6th Cir. 2003) (endorsing the *Matter of Lozada* test).[3] Therefore, this court presently lacks jurisdiction to consider Sall's ineffective-assistance claim.

---

[3]It seems a motion to reopen would now be time-barred by 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2) because Sall did not file it within 90 days of the BIA's September 30, 2005, final order—a delay that resulted from taking this appeal. If filed, such a motion might still be deemed timely by operation of the doctrine of equitable tolling. *See, e.g.*, *Harchenko v. INS*, 379 F.3d 405, 409–10 (6th Cir. 2004) ("This court has previously noted that the time for filing a motion to reopen can be equitably tolled . . . ."). Only after allowing the BIA to consider the issue might Sall avail himself of this court's review for abuse of discretion. *See, e.g.*, *Minasyan v. Gonzales*, No. 03-74579, 2006 WL 3327642, at *1 (9th Cir. Nov. 16, 2006) (memorandum opinion) ("The BIA abused its discretion by applying the wrong test to determine [that the alien's] Motion to Reopen was not entitled to equitable tolling."); *Singh v. DeMore*, 150 F. App'x 639, 643 (9th Cir. 2005) (remanding to the BIA to consider whether equitable tolling excused noncompliance with the 90-day deadline for filing a motion to reopen); *Davies v. INS*, 10 F. App'x 223, 224 (4th Cir. 2001) (per curiam) (unpublished) (invoking equitable tolling to reverse, as an abuse of discretion, the BIA's denial of a motion to reopen as time- and numerically barred). Of course, we express no opinion about how a court should treat future events that may or may not transpire.

IV

For the foregoing reasons, we conclude that this court lacks jurisdiction to consider both of

Sall's claims.  Therefore, the petition for review is dismissed.