RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0232P (6th Cir.)
File Name: 03a0232p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

FAISAL AL HAMID,
    *Petitioner-Appellant,*

*v.*

JOHN ASHCROFT,
    *Respondent-Appellee.*

No. 02-3166

---

On Appeal from the Board of Immigration Appeals.
No. A70-824-106.

Argued: June 18, 2003

Decided and Filed: July 15, 2003

Before: BOGGS and GILMAN, Circuit Judges;
MARBLEY, District Judge.[*]

---

## COUNSEL

**ARGUED:** Abraham Kay, LAW OFFICE OF ABRAHAM KAY, Cleveland, Ohio, for Petitioner. Susan K. Houser,

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Abraham Kay, LAW OFFICE OF ABRAHAM KAY, Cleveland, Ohio, for Petitioner. Susan K. Houser, Jeffrey J. Bernstein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. Faisal al Hamid entered the United States on a six-month visitor's visa in 1992 and overstayed his visa. In 1998, the United States Immigration and Naturalization Service (INS) served him with a Notice to Appear, alleging that he was subject to being removed on the basis of the overstay.

Hamid was represented by two different attorneys during the removal proceedings in the immigration court, which lasted over two years due to numerous continuances that were granted at his request. In 2001, the immigration court finally ordered that Hamid be removed from the United States. Hamid appealed the order to the Board of Immigration Appeals (BIA). With new counsel on appeal to the BIA, Hamid argued that his two prior counsel were ineffective, depriving him of his due process rights. The BIA affirmed the immigration court's order. For the reasons set forth below, we **AFFIRM** the judgment of the BIA.

## I. BACKGROUND

Hamid, a Jordanian citizen, entered the United States on a visitor's visa from Jordan in May of 1992. His visa expired in November of 1992. In March of 1997, Hamid, who had not left the United States since entering in 1992, married a United States citizen. This was Hamid's second marriage to a United States citizen, the first having ended in divorce

earlier in 1997. In June of 1998, the INS served Hamid with a Notice to Appear, alleging that Hamid was subject to being removed because he had overstayed his visa.

A removal hearing was held in the immigration court in February of 1999. Hamid was represented at the hearing by Elizabeth Ryser, who requested a continuance to allow for the processing of Hamid's second visa application, which was pending with the INS. The court granted a continuance until October 15, 1999.

On October 15, 1999, Ryser again sought a continuance on the ground that the INS had yet to act on Hamid's visa application. The court granted a further continuance until October 13, 2000. Hamid appeared without counsel at the October 13, 2000 hearing because Ryser had in the interim withdrawn from the case. At that hearing, counsel for the INS informed the court that Hamid's second visa application had been denied on May 31, 2000. The court then granted Hamid a continuance until November 17, 2000 to obtain new counsel and allow adequate time to prepare for the hearing.

On November 17, 2000, Hamid appeared with new counsel, Patricia Windham. Windham sought still another continuance so that Hamid could file a new visa application. The court denied the motion for a continuance on that ground, but it granted a continuance until July 13, 2001 so that Windham would have time to prepare an application for withholding of removal.

Windham appeared with Hamid on July 13, 2001 and advised the court that Hamid had not filed an application for withholding of removal, but that Hamid's brother, a United States citizen, had filed a third visa application on Hamid's behalf in April of 2001. The court ruled that the application for withholding of removal had been abandoned, but that it would grant a continuance until August 10, 2001 for Windham to prepare to discuss the latest visa application and

to prepare a petition, if Hamid wished, for a voluntary departure.

Hamid did not seek a voluntary departure at the August 10, 2001 hearing, but instead filed a motion with the court to reconsider its ruling that the application for withholding of removal had been abandoned. Specifically, Hamid contended that he did not timely file an application for withholding because he had recently converted from Islam to Christianity and was concerned about suffering reprisals in Jordan based on the public disclosure of his new faith. The court denied the motion on the grounds that it was untimely and that the circumstances did not warrant reversing the initial ruling.

Hamid argued at the same hearing that he should be granted yet another continuance because his second wife had recently filed what amounted to his fourth visa application, which the INS had not yet acted upon. The court denied the motion. It then issued an oral ruling for Hamid to be removed to Jordan.

With the assistance of a newly retained attorney, Hamid appealed the removal order to the BIA. He argued that his previous two attorneys had made numerous mistakes in their representation that amounted to the ineffective assistance of counsel. The BIA denied Hamid's appeal. This timely appeal followed.

## II. ANALYSIS

Hamid alleges that the ineffectiveness of his two prior counsel violated his due process rights. "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings . . . ." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). Ineffective assistance of counsel violates an alien's due process rights. *Id.* "The alien carries the burden of establishing that ineffective assistance of counsel prejudiced him or denied him fundamental fairness in order to prove that he has suffered a denial of due process."

*Id.* We review de novo a ruling by the BIA regarding the alleged ineffective assistance of counsel. *Id.*

In order to prove ineffective assistance of counsel, an alien "must (1) submit an affidavit describing the agreement for representation entered into with former counsel, (2) inform former counsel of the charge for the purpose of allowing him to respond to the complaints being made against him, and (3) report whether a complaint has been filed with the appropriate disciplinary authorities." *Id.* (citing *Matter of Lozada*, 19 I & N. Dec. 637 (BIA 1988)) (enumeration added).

The government maintains that the BIA was correct in holding that Hamid did not meet the *Lozada* requirements. Specifically, the government argues that Hamid did not furnish the BIA with evidence (1) of his agreements with his attorneys, (2) of complaints that he filed with the bar association, or (3) that his attorneys had an opportunity to respond to the charges. Hamid, on the other hand, contends that paragraph 20 of his affidavit that was submitted to the BIA references complaints that he filed with the Cuyahoga County Bar Association, which in turn gave counsel actual notice of the charges. He further argues that the agreement that he had with his attorneys was "set forth on the trial transcript" and was summarized in his affidavit. Finally, Hamid's new counsel explained at oral argument that the previous attorneys had had an opportunity to respond to the charges filed with the bar association because the bar association automatically forwards all such complaints to the counsel referenced in the complaint.

Assuming without deciding that Hamid's actions satisfied the *Lozada* requirement that counsel have an opportunity to respond to such complaints, Hamid has still not met the remaining *Lozada* requirements. An affidavit by an alien alleging ineffective assistance of counsel, for example, "should include a statement that sets forth in detail the agreement that was entered into with former counsel with

respect to the actions to be taken . . . and what counsel did or did not represent . . . in this regard." *Lozada*, 19 I. & N. Dec. at 639. Hamid's affidavit and the trial transcript do not do so. They recount Hamid's allegations concerning what his counsel failed to do, but do not mention what actions his counsel promised to undertake.

Similarly, Hamid's affidavit states that he "is causing a copy of his BIA Appeal Brief, of this Reply Brief, of his transcript of proceedings before the Immigration Judge, and of attorney Windham's August 9, 2001 Motion to Reconsider, to be sent to the Cuyahoga County Bar Association in support of the grievance being filed . . . against attorneys Ryser and Windham." But this indicates that no complaint had been filed at the time of the execution of the affidavit. Nor did Hamid explain in his affidavit why it had not already been filed by that time. The fact that a grievance *will be* filed, without more, does not satisfy *Lozada*'s requirement that a complaint be filed *before* the affidavit is submitted to the BIA, nor does it furnish an explanation of why it was not so filed. *Lozada*, 19 I. & N. Dec. at 639 (stating that the petitioner should indicate whether a complaint "has been filed" by the time that he submits his affidavit to the BIA); *cf. Lu v. Ashcroft*, 259 F.3d 127, 134 (3d Cir. 2001) ("[T]he failure to file a complaint is not fatal if a petitioner provides a reasonable explanation for his or her decision.") (emphasis omitted).

Hamid's last argument is that even if he has not technically complied with *Lozada*, the BIA should have exercised its discretion to waive such compliance. No error is apparent, however, where multiple visa applications were filed on Hamid's behalf and numerous continuances were granted by the immigration court to allow for the proper adjudication of this action. In any event, in the context of removal proceedings, "[t]he failure to be granted discretionary relief does not amount to a deprivation of a liberty interest." *Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001).

Sound policy reasons support compliance with the *Lozada* requirements. The requirements facilitate a more thorough evaluation by the BIA and "discourag[e] baseless allegations." *Lozada*, 19 I. & N. at 639. Hamid's failure to comply results in a forfeiture of his ineffective-assistance-of-counsel claim. *See, e.g.*, *Stroe v. INS*, 256 F.3d 498, 503-04 (7th Cir. 2001) (denying an alien's petition claiming ineffective assistance of counsel because the petitioner did not comply with the *Lozada* requirements).

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the BIA.