NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0242n.06
Filed: April 1, 2005

No. 03-4533

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PAL KALAJ, GLODIANA KALAJ, and XHEJMS KALAJ, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE BUREAU OF IMMIGRATION APPEALS |
| ALBERTO GONZALES, Attorney General of the United States, | ) ) ) | OPINION |
| Respondent. | ) ) ) | |

Before: COLE and GILMAN, Circuit Judges; and POLSTER, District Judge.[*]

**RONALD LEE GILMAN, Circuit Judge.** Pal Kalaj and his two children entered the

United States illegally from Albania in 1997. Kalaj's application for asylum, filed in 1999, was

denied as untimely by the Immigration and Naturalization Service (INS). The Immigration Judge

(IJ) found that Kalaj had failed to show extraordinary circumstances to excuse his delay in filing for

asylum, and further concluded that Kalaj was ineligible for either withholding of removal or

protection under the United Nations Convention Against Torture (CAT). The Board of Immigration

Appeals (BIA) affirmed the IJ. For the reasons set forth below, we **DISMISS** for lack of jurisdiction

---

[*]The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Kalaj's claim regarding his untimely application for asylum and **AFFIRM** the judgment of the BIA with respect to Kalaj's other claims.

## I. BACKGROUND

The petitioners are citizens of Albania. Pal Kalaj, the lead petitioner, and his daughter, Glodina, entered the United States in December of 1997 without valid entry documents. Kalaj's son, Xhejmas, had previously arrived illegally in April of 1997. In January of 1999, Pal Kalaj filed an application on behalf of himself and his two children for asylum, for withholding of removal, and for deferral of removal under the CAT. His application was prepared by an attorney named Valerie Yaeger.

The INS (now the Department of Homeland Security) denied the application for asylum as untimely because it was not filed within a year of Kalaj's arrival in the United States, as required by the Immigration and Nationality Act (INA), 8 U.S.C. § 1158(a)(2)(B). In February of 1999, the INS served Kalaj with a Notice to Appear, charging that he was subject to removal for failing to secure valid entry documents. Kalaj indicated at a hearing in March of 1999 that he would overcome the untimely filing of his application by showing extraordinary circumstances due to the ineffective assistance of counsel. At a continued hearing in April of 1999, the IJ granted Kalaj an opportunity to file a complaint against Yaeger with the Michigan State Bar Grievance Commission prior to the hearing on the merits of his case. The IJ noted at another continued hearing in June of 1999 that Kalaj had still not filed a complaint against Yaeger and offered him yet another chance to do so before his hearing.

In May of 2002, Kalaj presented documentation to the IJ that Yaeger had been suspended from practice effective December 20, 2000. This suspension, however, did not relieve Kalaj of the obligation to comply with the requirements established in *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), regarding a claim of ineffective assistance of counsel. The IJ observed that, although Kalaj's case had been pending for three years, he had not yet so complied.

Ruling on the merits of Kalaj's claims, the IJ found that Kalaj had not timely filed his asylum application and that he failed to show exceptional or extraordinary circumstances for not doing so. The IJ also found that Kalaj had not made the requisite showing for withholding of removal or for deferral of removal under the CAT. Finally, the IJ denied Kalaj's request for voluntary departure because he was not in possession of valid travel documents.

The BIA adopted and affirmed the decision of the IJ. It agreed that Kalaj had failed to file his asylum application within one year of entry and found that he had not demonstrated the requisite extraordinary circumstances that would excuse his failure to timely file the application. The BIA rejected Kalaj's assertion that his failure to timely file was due to the ineffective assistance of counsel, ruling that he failed to comply with the requirements of *Lozada*. It also affirmed the IJ's conclusion that Kalaj was ineligible for withholding of removal, deferral of removal under the CAT, or voluntary departure.

Kalaj argues on appeal that the BIA erred in determining that his application for asylum was not timely filed. He also claims that the BIA erred in finding that he was not eligible for asylum.

## II. ANALYSIS

### A.      Standard of review

We review de novo the BIA's resolution of questions of law.  *Ali v. Ashcroft*, 366 F.3d 407, 409 (6th Cir. 2004).  But we review the BIA's findings of fact under the substantial-evidence standard.  *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004).  Under this standard, we will not reverse a factual determination of the BIA unless we find "that the evidence not only supports a contrary conclusion, but *compels* it."  *Id.* (emphasis in original).  We will reverse the BIA's determination denying withholding of removal only if it is "manifestly contrary to the law." *Castellano-Chacon v. INS*, 341 F.3d 533, 552 (6th Cir. 2003).

### B.      Jurisdiction

The INA requires aliens seeking asylum to file an application within one year of arrival into the United States.  8 U.S.C. § 1158(a)(2)(B).  Kalaj arrived in the United States on December 25, 1997, but he did not file his application for asylum until January 3, 1999.  Consequently, his application was filed after the expiration of the filing period, which ended on December 25, 1998. Kalaj's untimely application was therefore properly denied unless he could show that his failure to meet the deadline was the result of "changed circumstances which materially affect[ed his] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period."  8 U.S.C. § 1158(a)(2)(D).  The IJ concluded that, even though such circumstances may include the ineffective assistance of counsel, Kalaj had not complied with the requirements of *Lozada*, which establishes the prerequisites for such a claim.  *See Hamid v. Ashcroft*, 336 F.3d 465, 469 (6th Cir. 2003) (applying *Lozada* to a claim of ineffective assistance of counsel

in a deportation proceeding and explaining that "[s]ound policy reasons support compliance with the *Lozada* requirements").

In *Lozada,* the BIA held that a claim alleging ineffective assistance of counsel must be supported by (1) an affidavit detailing the alien's agreement with his attorney, (2) proof that the alien informed the attorney of his allegations and that the attorney had an opportunity to respond, and (3) a statement confirming that a complaint had been filed against the attorney with the appropriate disciplinary authority. 19 I. &. N. Dec. at 639. Kalaj did present the IJ with a copy of the agreement retaining Yaeger as his counsel, but he did not satisfy the second and third *Lozada* requirements. As a result, the IJ determined that Kalaj "has not shown exceptional or extraordinary circumstances for not filing his application."

The INA also provides that "[n]o court shall have jurisdiction to review any determination" regarding the existence of extraordinary circumstances that would excuse a failure to file an asylum application within one year of arrival in this country. 8 U.S.C. § 1158(a)(3). We therefore lack the jurisdiction to review the determination of the BIA that Kalaj failed to demonstrate extraordinary circumstances. *See Gjyzi v. Ashcroft*, 386 F.3d 710, 714 (6th Cir. 2004) (concluding that the court "lack[s] jurisdiction to review the denial of an asylum application based on the factual determination that the application was untimely filed"); *see also Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002) (holding that the court lacked jurisdiction to review the BIA's determination that no extraordinary circumstances excused an alien's failure to timely file an application for asylum). Thus, Kalaj's challenge to the BIA's findings on this issue must fail.

**C.     Withholding of removal and protection under the CAT**

Even though we lack jurisdiction to review Kalaj's claim for asylum, his failure to file a timely asylum application does not preclude us from considering claims that he is eligible both for withholding of removal and for deferral of removal under the CAT. *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782 (9th Cir. 2004) (finding that the court lacked jurisdiction to decide the petitioner's asylum claim, but ruling on the merits of his claims regarding withholding of removal and protection under the CAT). Kalaj raised these claims before both the IJ and the BIA, but he does not argue in his appellate brief that he qualifies for withholding of removal or for protection under the CAT. Instead, he simply asserts that the BIA erred in finding that "the petitioner was not eligible for asylum" and asks the court to "grant [him] the relief of asylum." Kalaj has therefore waived these claims. *See Ewolski v. City of Brunswick*, 287 F.3d 492, 516 (6th Cir. 2002) (holding that arguments not raised in a party's appellate brief are waived).

Even if Kalaj had raised these arguments, moreover, they are without merit. Kalaj failed to establish that his life or freedom would be threatened in Albania on account of his race, religion, nationality, membership in a particular social group, or political opinion, *see* 8 U.S.C. § 1253(h), or that he was likely to be tortured if removed to Albania, *see* 8 C.F.R. § 208.16(c)(2).

## III. CONCLUSION

For all of the reasons set forth above, we **DISMISS** for lack of jurisdiction Kalaj's claim regarding his untimely application for asylum and **AFFIRM** the judgment of the BIA with respect to Kalaj's other claims.