UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 1, 2005
Decided January 3, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3682

| | |
|---|---|
| AHMED NOORANI,<br>    *Petitioner,*<br><br>    *v.*<br><br>ALBERTO R. GONZALES\*, Attorney General<br>    of the United States,<br>    *Respondent.* | Petition for Review of an Order<br>of the Board of Immigration<br>Appeals<br><br>No. A77 660 366 |

**ORDER**

Ahmed Noorani, a citizen of Pakistan, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  The immigration judge issued a removal order against him when he failed to appear at his merits hearing.  Noorani then filed a motion to reopen, claiming that a serious illness prevented him from attending the hearing.  The IJ denied this motion, and Noorani, with new counsel, appealed unsuccessfully to the Board of Immigration Appeals,

---

\*Pursuant to Federal Rule of Civil Procedure 43(c)(2), we have substituted the current Attorney General of the United States, Alberto R. Gonzales, for his predecessor as the named respondent.

claiming that his original counsel had been ineffective in handling both his merits hearing and his motion to reopen. We deny the petition.

Noorani arrived at O'Hare International Airport in 2000 without proper documentation and requested asylum on the basis of political opinion. He retained attorney Sakina Carbide to help him pursue his asylum case, and he was scheduled to appear at the immigration court in Chicago for his merits hearing on April 9, 2002. Noorani failed to appear that day in court, and the IJ entered an in absentia removal order against him. Noorani claims that he could not appear because he was ill with the flu. He also claims that he left several phone messages at his attorney's office asking her to inform the immigration court of his illness and seek a continuance, which she did not do.

After the in absentia order was entered, Ms. Carbide made a motion to reopen on Noorani's behalf. In support, she argued that he had been too ill to attend his hearing because he had been "suffering from extreme dehydration, stomach flu, and high fever." She also submitted a doctor's note dated April 5 to this effect. However, she did not mention Noorani's phone calls to her office. The IJ denied the motion, finding that a doctor's note dated four days before Noorani's hearing was not sufficient evidence that he was too ill to attend court on the actual day of his hearing. The IJ also found that Noorani did not adequately explain why he failed to contact either *his attorney* or the immigration court prior to the hearing.

At this point, Noorani obtained new counsel and appealed the IJ's decision to the BIA. He argued that his original attorney, Ms. Carbide, had been ineffective in failing to follow up on his phone messages and failing to mention these messages in the motion to reopen. The BIA affirmed the IJ's decision and Noorani now appeals.

Noorani's appellate brief is difficult to parse. He seems to argue that the BIA erred in two respects: 1) it failed to consider all the evidence he presented to support his ineffective assistance of counsel claim, and 2) it wrongly concluded that he did not comply with all of the requirements in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), for making an ineffective assistance of counsel claim. We review a denial of a motion to reopen for abuse of discretion. *Uriostegui v. Gonzales*, 415 F.3d 660, 663 (7th Cir. 2005).

Noorani first argues that the BIA did not consider evidence that he attempted to contact Ms. Carbide and tell her he was ill. As a result, he says the BIA wrongly concluded that he made no effort to inform the court that he would not be able to appear.

However, a reading of the BIA's decision shows that this was not the case. The BIA did consider Noorani's evidence that he tried to contact Ms. Carbide; it

simply rejected this evidence, and for reasons that were a legitimate exercise of discretion. The BIA mentions that Noorani asserted in an affidavit "that his former counsel did not respond to his 'numerous messages'. . . ." It also mentions that Noorani produced phone records showing calls placed by him to Ms. Carbide's office between April 2 and April 4, 2002. But, as the BIA explains, Noorani failed to show how those circumstances prevented him from showing up in court on the day of his hearing. *See Kay v. Ashcroft*, 387 F.3d 664, 671 (7th Cir. 2004) (documenting illness not enough; petitioner must explain why illness prevented petitioner from appearing on day of hearing). Since Noorani's last phone call to his attorney was on April 4 (five days before his hearing), the BIA properly determined that the evidence did not show that Noorani was so ill that he could not attend the hearing. The BIA also concluded reasonably that Noorani should have attempted to contact the immigration court on his own when his attorney failed to respond to his messages. *See DeMorales v. I.N.S.*, 116 F.3d 145, 148–49 (5th Cir. 1997) (making only cursory attempt to contact court after experiencing car trouble not enough to excuse failure to appear).

Noorani is also incorrect when he says that he complied with *Lozada*. As we have repeatedly explained, *Lozada* requires aliens who raise a claim of ineffective assistance of counsel to 1) provide an affidavit detailing what counsel agreed to do for the alien and how counsel's performance was inadequate, 2) notify counsel of the claim and give counsel a chance to respond, and 3) state whether a bar complaint has been filed against counsel and, if not, why not. *Stroe v. I.N.S.*, 256 F.3d 498, 504 (7th Cir. 2001); *Lozada*, 19 I&N Dec. at 639.

Noorani argues that the BIA erred when it determined that he failed to comply with the third *Lozada* requirement—filing a bar complaint. Specifically, he claims that *Lozada* does not require the actual filing of a complaint.

It is true that an alien may satisfy the third *Lozada* requirement by explaining why a complaint was not filed, *Stroe*, 256 F.3d at 502, but Noorani has not even done this. His brief to the BIA says only that a complaint *will be* filed in the future. But *Lozada* specifically says that the motion "should reflect whether a complaint has been filed . . . ." *Lozada*, 19 I&N Dec. at 639; *see also Al Hamid v. Ashcroft*, 336 F.3d 465, 469 (6th Cir. 2003) ("The fact that a grievance *will be* filed, without more, does not satisfy *Lozada's* requirement that a complaint be filed *before* the affidavit is submitted to the BIA . . . ."). If promising to file a complaint in the future were all a petition needed to do, *Lozada's* purpose of deterring false claims against attorneys would be undermined. *See Stroe*, 256 F.3d at 501. In addition, a statement that a complaint will be filed does not, by itself, explain why a complaint has not been filed. *Al Hamid*, 336 F.3d at 469. On the contrary, such a statement suggests that filing a complaint is feasible and that the petitioner lacks a good explanation for failing to file.

Noorani claims that he did eventually file a complaint in October 2002, and to his brief he attaches letters from the Illinois Attorney Registration and Disciplinary Commission responding to his complaint. However, as the government points out, these letters were not filed with the BIA and so are not part of the administrative record. *Yadegar-Sargis v. I.N.S.*, 297 F.3d 596, 598 n.1 (7th Cir. 2002).

We DENY this petition.