NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0124n.06

No. 08-4709

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| YANGNING RONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., | ) | |
| | ) | |
| Respondent. | ) | |

Before: BATCHELDER, Chief Judge; SUTTON, Circuit Judge; and WISEMAN, District Judge.[*]

WISEMAN, District Judge. Yangning Rong (hereinafter, "Petitioner" or "Rong") petitions

for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reconsider.

Because the BIA did not abuse its discretion in denying Rong's motion, we deny his petition.

I.

Rong, a Chinese citizen, entered the United States on November 19, 1998 on a visitor's visa

with Yong Wu, his wife at the time. On May 27, 1999 the Immigration and Naturalization Service

("INS") issued Notices to Appear, charging Rong and Wu with removability under § 237(a)(1)(B)

of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), for remaining in the

United States for a time longer than permitted. In July 1999, Rong and Wu appeared in Immigration

Court and conceded removability, admitting the factual allegations made against them.

---

[*]The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District
of Tennessee, sitting by designation.

Wu filed an application for asylum in August 1999, alleging that she had been subjected to forced abortions in China. Rong was listed as her derivative beneficiary. The hearing on her application took place on November 22, 1999 before an Immigration Judge ("IJ"), who issued an oral decision the same day denying relief, and further finding that Wu had filed a frivolous application for asylum pursuant to INA § 208(d), 8 U.S.C. § 1158(d). Rong and Wu were ordered removed to China. Petitioner maintains that, inter alia, this unfavorable determination was a result of his ineffective assistance of counsel; specifically here, the failure of his then counsel, Tao, to provide a certificate of translation for the documents allegedly corroborating Rong's and Wu claim (as a result of which the IJ refused to consider that information), and the failure of Tao to object to translation errors which occurred during the proceeding. According to Petitioner, the attorney's errors resulted in the IJ's denial of Wu and Rong's claim as well as his finding that Wu and Rong had filed a frivolous application, thereby barring them from future relief and later serving as the basis for the refusal of the Department of Homeland Security ("DHS") to enter into a joint motion to reopen with Rong.

In December 1999, through new counsel, Rong and Wu filed an administrative appeal of the IJ's November 22, 1999 decision with the BIA. The new attorney did not raise any claim of ineffective assistance of counsel regarding Tao's alleged errors. The BIA affirmed the IJ's decision without opinion, and dismissed the appeal on April 8, 2003. The BIA did, however, vacate the IJ's finding that Wu's asylum application was frivolous, on the basis that the record did not reflect that Wu was given the requisite advisals.

During the pendency of the BIA appeal, Rong's employer sponsored him for an I-140, employment-based immigration petition, and Rong's sister filed an I-130, a U.S. citizen family-member immigration petition.  On March 24, 2003 Rong's employer's petition was approved by DHS, and Rong retained Ying, his employer's attorney, to file an adjustment of status I-485 application.  Petitioner maintains that, acting on the advice of his attorney at the time, he did not file a timely Motion to Reopen based on the new evidence of his adjusted status within the ninety days prescribed, but, instead, filed a petition for review with this Court.  On September 24, 2004, this Court denied that petition.

Rong's First Motion to Reopen

In December 2004, now represented by attorney Wang, Rong and Wu filed a motion to reopen the Board's April 8, 2003 decision affirming the IJ's denial of Wu's application for relief from removal, arguing for adjustment of status based on Rong's sister's I-130 immigration petition and his employer's I-140 visa petition that was approved by the DHS on March 24, 2003.  According to Rong, Wang forgot to include the I-485 applications in the exhibits when he submitted Rong's motion to reopen.

On January 14, 2005, the BIA received a request from Wang that Rong's December 2004 motion to reopen be withdrawn, and on February 15, 2005, the BIA acknowledged that the motion had been withdrawn.  Rong claims that this motion was withdrawn by Wang, his attorney at that time, without his knowledge or consent, and that Wang's decision to withdraw his motion to reopen after ninety days constituted ineffective assistance of counsel.

Rong's Second Motion to Reopen

Attorney Wang filed a second motion to reopen with the BIA on May 26, 2005, again seeking adjustment of Rong's status based on his I-130 and I-140 visa petitions, and based on the previously forgotten I-485 applications. Wang had sought to have the DHS join in the motion to reopen; DHS denied that request. In his motion to reopen, Wang, for Rong, incorrectly cited the negligence or incompetence of his first lawyer Ying (it was his second lawyer) as the cause of Rong's having missed the deadline for filing the initial motion to reopen by filing with this Court instead of the BIA. The second motion to reopen, however, was rejected by the BIA because it was nearly two years late; the BIA declined to toll the deadline based on the allegation that the first attorney had rendered ineffective assistance, since that attorney had never represented Rong before the IJ or the BIA. The BIA also noted that the first motion to reopen had been withdrawn without explanation, and Rong had failed to advance any persuasive reason for the current motion's untimely filing. Rong further alleges that Wang did not inform him of this BIA decision

On April 18, 2007, Rong retained yet another attorney, Xie, who advised him that she would also attempt to file a joint motion to reopen Rong's removal proceeding based on Rong's change in status. Petitioner points out that Xie also did not suggest an ineffective assistance of counsel claim. In July 2007, counsel for DHS rejected Xie's request that DHS agree to the filing of a joint motion to reopen, again based on the finding that Rong's previous application for asylum was frivolous, despite the fact that this finding by the IJ had been overturned by the BIA. As a result, Xie never

actually filed a motion to reopen.  Rong maintains that he was not informed of that fact until January 2008.

### Rong's Third Motion to Reopen

Rong then retained new counsel, Zhou, to represent him in his February 14, 2008 I-485 interview.  On February 12, 2008, Zhou filed a new I-130 petition and a third motion to reopen with the BIA based on Rong's divorce and subsequent remarriage to a U.S. Citizen, Rong Sun ("Sun").  Rong also argued that his status should be changed based on his permanent employment in the United States.  The motion did not seek equitable tolling based on ineffective assistance of counsel.  On May 23, 2008, the BIA denied this third motion as well, finding it untimely and "number-barred."  Finally, the BIA also rejected Rong's constitutional claims, finding that this Court had already affirmed the BIA's decision on the merits of this application for relief from removal.

### Rong's Motion to Reconsider

On June 23, 2008, through present counsel, Rong filed a timely motion to reconsider the Board's May 23, 2008 decision denying his third motion to reopen.  In pertinent part, Rong argued that the BIA's previous decisions overlooked the issues concerning ineffective assistance of counsel.  On November 25, 2008, the BIA denied Rong's motion, finding that it was both untimely and number-barred.  The BIA further found that, since Rong had not properly raised the ineffective-assistance claim in his February 12, 2008 motion to reopen, the BIA could not have overlooked it.  Additionally, the BIA found that Rong had not complied with any of the procedural requirements of set forth in *Matter of Lozada*, 19 I & N. Dec. 637 (BIA 1988).  Finally, the BIA declined to

exercise its discretion to reopen Rong's case *sua sponte* because he had not presented evidence of exceptional circumstances which warranted such action.

II.

In this appeal, Petitioner argues the BIA abused its discretion by failing to take administrative notice of or otherwise consider his official documents as part of his motion to reconsider; to wit, his I-130 and I-140 applications, the latter of which had been approved by DHS. While a motion to reopen must set forth new facts, supported by evidentiary material, a motion to reconsider, by contrast, only contests the correctness of the original decision based solely on the previous record. 8 C.F.R. § 1003.2(b). A court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *Sswajje v. Ashcroft,* 350 F.3d 528, 532 (6th Cir. 2003). Because the BIA has such broad discretion, a party seeking reopening or reconsideration bears a heavy burden. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992).

In the present case, Rong's first motion to reopen was withdrawn before any of his official documents had been considered. His second and third motions were denied, respectively, as being time- and number-barred. Consequently, none of his official documents were part of the record when Rong submitted his motion to reconsider. As this Court has made clear, while the BIA *may* consider such documents on a motion to reconsider, its failure to do so does not constitute an abuse of discretion. *Alzoti v. Gonzales*, 477 F.3d 448, 453 (6th Cir. 2007). Therefore, even if the BIA might well have taken administrative notice of his official documents, especially the DHS-approved

I-140, it did not abuse its discretion by declining to consider Petitioner's documents when they were not part of the original record. This argument therefore fails.

Rong argues next that the BIA erred when it refused to consider, or "overlooked," Rong's ineffective assistance of counsel claim in denying his motion to reconsider. In order to prove ineffective assistance of counsel in compliance with the "*Lozada* requirements," an alien "must (1) submit an affidavit describing the agreement for representation entered into with former counsel, (2) inform former counsel of the charge for the purpose of allowing him to respond to the complaints being made against him, and (3) report whether a complaint has been filed with the appropriate disciplinary authorities." *Hamid v. Ashcroft*, 336 F.3d 465, 468 (6th Cir. 2003) (citing *Matter of Lozada*, 19 I & N. Dec. 637 (BIA 1988)) (enumeration added). There is no evidence that Rong properly raised his ineffective assistance of counsel claim in compliance with *Lozada* before the BIA; in fact, Rong concedes that he did not comply with the *Lozada* requirements and, instead, requests that this Court equitably waive them.

Petitioner's reliance on cases from the First and Ninth Circuits in support of his argument for equitably waiving the *Lozada* requirements is to no avail when the Sixth Circuit has made it clear that, within this Circuit, the *Lozada* requirements may be strictly enforced. *Hamid*, 336 F.3d at 469 (denying a similar request for equitable waiver and finding that sound policy reasons support compliance with the *Lozada* requirements because they facilitate a more thorough evaluation by the BIA and discourage baseless accusations). Because Rong never properly raised a claim of ineffective assistance of counsel before the BIA in compliance with *Lozada*, this Court simply does

not have jurisdiction to consider this claim in the first instance. *Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007). This argument also is without merit.

Petitioner further argues the BIA erred in failing to convert his motion to reconsider into a motion to reopen. As an initial matter, Rong is correct in asserting that the BIA does have the discretion to recharacterize improperly labeled motions. *Alzoti v. Gonzales*, 477 F.3d 448, 452–53 (6th Cir. 2007) (citing *Matter of Cerna*, 20 I&N Dec. 399, 400 (BIA 1991)). However, the reasoning of his argument contains two fatal flaws. First, because the BIA has wide discretion, which it only violates when it acts "arbitrarily, irrationally, or contrary to law," its decision here not to recharacterize Rong's motion, without more, cannot suffice to support a finding of abuse of discretion. *Id.* at 451, 453. Second, even if the BIA had converted Rong's motion into a motion to reopen, such a motion would have been subsequently denied as being both time- and number-barred, rendering any such action futile. Consequently, this argument too is without merit.

Finally, we note that, while Rong's failure to comply with *Lozada* deprives this Court of jurisdiction to hear his ineffective-assistance claim, nothing in this opinion prevents Rong from raising this claim in the first instance as part of another motion to reopen before the BIA *in compliance with Lozada*. If Rong's allegations regarding his prior counsel are true, he has been the victim of a uniquely woeful set of attorneys, and, were Rong to comply with *Lozada* in a subsequent motion to reopen, the BIA might well give consideration to these equitable factors in deciding whether equitable tolling of the time and numerical limitations should apply. Of course, we cannot speculate on the likelihood that such a motion would succeed—especially given the uncertain status

of the law in this area, *see Matter of Comprean*, 25 I & N Dec. 1 (A.G. 2009) (vacating earlier

opinion that overruled *Lozada*)—but we see no reason why a fourth motion to reopen should be

more improbable than a third, especially given the degree of ineffectiveness alleged here.

III.

For the foregoing reasons, we hereby deny Rong's petition for review.