**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1248n.06

No. 11-4332

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 05, 2012**
DEBORAH S. HUNT, Clerk

FA JIN CHEN,                                          )
                                                     )
         Petitioner,                                 )
                                                     )     ON  PETITION  FOR  REVIEW
v.                                                   )     FROM  THE  UNITED  STATES
                                                     )     BOARD  OF  IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,               )     APPEALS
                                                     )
         Respondent.                                 )
                                                     )

BEFORE:  KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

**PER CURIAM.**  Fa Jin Chen, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals denying his motion to reopen or reconsider a decision denying

his claims for asylum, withholding of removal, and protection under the Convention Against Torture

(CAT).  The parties waived oral argument, and this panel unanimously agrees that oral argument is

not needed.  Fed. R. App. P. 34(a).

Chen entered this country in 2008 and affirmatively applied for asylum, withholding of

removal, and protection under the CAT.  He claimed that he had been arrested, beaten, and fined by

Chinese authorities for attending a Christian Bible study group.  Shortly after Chen applied for relief,

an immigration officer served him with a notice to appear, charging him as being removable as an

alien present in the United States without being admitted or paroled, or who arrived in the United

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District
of Michigan, sitting by designation.

States at any time or place other than as designated by the attorney general, pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). After a hearing, an immigration judge (IJ) found Chen removable as charged and denied relief based on the conclusion that he was not a credible witness and, alternatively, he had not met his burden to establish eligibility for the relief sought. With respect to the adverse credibility finding, the IJ noted that Chen's testimony differed from his documentary evidence on several important issues, including the description of the Bible study group, the date and location of his arrest, whether he was hospitalized for a burn allegedly inflicted by the police and for how long, and how and when he received the hospital records that he submitted in support of his claim. The Board of Immigration Appeals (BIA) dismissed Chen's appeal. The BIA held that the IJ committed no clear error in determining that Chen lacked credibility but did not reach, and thus did not affirm, the IJ's alternative conclusion that Chen failed to establish eligibility for relief.

Chen did not file a petition for review of the BIA's decision, but he timely moved the BIA to reopen or reconsider, submitting a new English translation of a letter from his mother that had been submitted at the original hearing. Chen argued that the first translation had errors that were now corrected and more closely corroborated some of his testimony, most notably the date of his alleged arrest and the length of time of his alleged hospitalization. The BIA denied the motion, finding no basis for reconsideration and noting that a correct translation of the mother's letter could have been submitted at the original hearing. Moreover, the BIA found that Chen had not shown a change in circumstances that would materially affect his claim. In declining to sua sponte reopen or reconsider Chen's proceeding, the BIA specifically reasoned that, although the new translation attempted to address one of the reasons that the IJ had concerns with Chen's testimony, it did not

address or rebut the "numerous other reasons" the IJ deemed Chen not credible. This petition for review followed.

We review the denial of a motion to reopen or reconsider for an abuse of discretion. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006); *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). The BIA abuses its discretion when, for example, its decision is without rational explanation, is a departure from established policy, or is based on impermissible discrimination. *Sako*, 434 F.3d at 863.

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *accord* 8 C.F.R. § 1003.2(b)(1). Specifically, "a motion to reconsider . . . only contests the correctness of the original decision based solely on the previous record." *Rong v. Holder*, 367 F. App'x 579, 582 (6th Cir. 2010); *see In re Cerna*, 20 I. & N. Dec. 399, 402 (BIA 1991). Here, however, Chen based his motion on "previous[ly] unavailable evidence," i.e., the corrected translation of his mother's letter, in an attempt to rehabilitate his credibility. The BIA had previously rejected Chen's argument that the IJ erred in concluding that he was not a credible witness. Because his motion merely reiterated his argument on that point and was not based on a change in the law or an allegation that the agency overlooked facts contained in the prior record or pertinent legal authority, the BIA did not abuse its discretion in denying reconsideration. *See Al-Rawahneh v. INS*, 38 F. App'x 271, 276 (6th Cir. 2002).

In contrast to a motion to reconsider, a "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). Under the agency's implementing

regulation, "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]" 8 C.F.R. § 1003.2(c)(1); *see Allabani v. Gonzales*, 402 F.3d 668, 675–76 (6th Cir. 2005). Here, the corrected translation of Chen's mother's letter was not material because it did not rehabilitate many of the other credibility problems the IJ found with Chen's testimony (which he does not challenge), including other record inconsistencies, the lack of corroborating evidence, and his incomprehensible/unresponsive testimony regarding the source of his hospital records. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Zhao v. Holder*, 569 F.3d 238, 247–49 (6th Cir. 2009); *Kaciqi v. Holder*, 349 F. App'x 58, 63 (6th Cir. 2009). Moreover, we find no abuse of discretion in the BIA's conclusion that a corrected translation could have been presented at the original hearing. Chen's present contention that the IJ refused to allow his former counsel, Liu Yu, to correct the translation by way of amendment is belied by the record. Yu noted a potential translation error at the original hearing but then failed to file a proper motion to correct the translation, despite the IJ's suggestion that he could seek a third-party translator to correct the translation and the IJ's expressed willingness to continue the hearing if necessary to correct translation errors. Further, in the wake of the IJ's adverse credibility finding and notation in his decision that Chen's counsel had failed to properly move to correct the translation, Chen did not raise the translation-error issue in his original appeal before the BIA or seek to remand the record to correct the translation errors.

For all of the above reasons, we find no abuse of discretion in the denial of Chen's motion to reopen or reconsider. Therefore, we DENY his petition for review.