NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0017n.06

No. 19-3560

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 14, 2020
DEBORAH S. HUNT, Clerk

LEONEL EUGENIO-REYES,            )
                                 )
       Petitioner,               )
                                 )
                                 )  ON PETITION FOR REVIEW
v.                               )  FROM THE UNITED STATES
                                 )  BOARD OF IMMIGRATION
WILLIAM P. BARR, Attorney General,  )  APPEALS
                                 )
       Respondent.               )
                                 )

BEFORE: SILER, GIBBONS, and THAPAR, Circuit Judges.

PER CURIAM. Leonel Eugenio-Reyes petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. As set forth below, we **DISMISS** in part and **DENY** in part Eugenio-Reyes's petition for review.

In 2013, the Department of Homeland Security served Eugenio-Reyes, a native and citizen of Mexico, with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Appearing before an immigration judge (IJ), Eugenio-Reyes claimed that he entered the United States without inspection in 1993 and that he had not left since his arrival. The IJ found by clear and convincing evidence that Eugenio-Reyes was removable based on his admissions. Eugenio-Reyes subsequently applied for cancellation of removal on the basis that his removal would result in exceptional and extremely unusual hardship to his United States citizen

children. *See* 8 U.S.C. § 1229b(b)(1). Attorney Rafael Velez prepared Eugenio-Reyes's application and filed exhibits in support.

At the hearing on his application, Eugenio-Reyes was represented by attorney Eric Montierth, who was "pinch-hitting" for Velez. (A.R. 127). Eugenio-Reyes and his son testified. At the conclusion of the hearing, the IJ denied Eugenio-Reyes's application for cancellation of removal and ordered his removal to Mexico. The IJ found that Eugenio-Reyes and his son had provided credible testimony but noted that corroborating evidence should have been submitted but had not. According to the IJ, Eugenio-Reyes had failed to satisfy his burden of proof by failing to establish three of the statutory requirements for cancellation of removal: ten years of continuous physical presence, good moral character, and the requisite hardship to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1). The IJ also denied Eugenio-Reyes's request for post-conclusion voluntary departure. *See* 8 U.S.C. § 1229c(b).

Eugenio-Reyes, represented by new counsel, appealed the IJ's denial of his application for cancellation of removal to the BIA. Eugenio-Reyes asserted in part that Velez had provided ineffective assistance of counsel by failing to supplement his application with additional corroborating documents. The BIA dismissed Eugenio-Reyes's appeal. According to the BIA, Eugenio-Reyes had failed to establish ineffective assistance warranting a remand because he had failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), and because he had failed to demonstrate prejudice. The BIA rejected Eugenio-Reyes's argument that the IJ was obligated to request additional corroborating evidence before issuing a decision. On the merits of the application for cancellation of removal, the BIA agreed with the IJ's determination that Eugenio-Reyes had failed to demonstrate that his removal would result in the requisite hardship to his children, declining to address the IJ's findings on continuous physical

presence and good moral character. Finally, the BIA noted that Eugenio-Reyes had not appealed from the IJ's denial of voluntary departure. This timely petition for review followed.

We generally lack jurisdiction to review the denial of discretionary relief in the form of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). The agency's hardship determination is discretionary and "generally lies beyond our jurisdiction." *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008). We retain jurisdiction, however, to consider "constitutional claims or questions of law" and nondiscretionary decisions underlying the denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(D); *see Aburto-Rocha*, 535 F.3d at 502. Eugenio-Reyes argues that the agency "must consider all of the hardship factors that an applicant's qualifying relatives will suffer collectively" and that the IJ "failed to evaluate all the factors that have impacted both" his children. (Petitioner's Br. 26-27). Claims requiring an evaluation of whether the agency "adhered to legal standards or rules of decision articulated in its published precedent can raise nondiscretionary 'questions of law' that are reviewable by the courts of appeals." *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011). Here, the IJ identified the proper standard for evaluating the hardship factors, stating that "[t]he court has weighed all of the evidence of record both individually and cumulatively on the issue of exceptional and extremely unusual hardship." (A.R. 67). Eugenio-Reyes's argument that the IJ emphasized some hardship factors while disregarding others amounts to "a challenge to the weighing of the evidence that, if accepted, would effectively eliminate the jurisdictional bar on review of denials of cancellation of removal." *Ettienne*, 659 F.3d at 517. Eugenio-Reyes's challenge to the denial of cancellation of removal must therefore be dismissed for lack of jurisdiction.

As for the remand request, Eugenio-Reyes's brief centers on his argument that Velez provided ineffective assistance. According to the BIA, Eugenio-Reyes had failed to establish ineffective assistance warranting a remand. We generally review the BIA's denial of a motion to remand for abuse of discretion. *Villanueva-Vasquez v. Barr*, 774 F. App'x 269, 275 (6th Cir. 2019) (citing *Pilica v. Ashcroft*, 388 F.3d 941, 948 (6th Cir. 2004)). "However, where there is a claim of ineffective assistance of counsel, we review this question of law de novo." *Allabani v. Gonzales*, 402 F.3d 668, 676 (6th Cir. 2005).

The BIA first determined that Eugenio-Reyes had failed to comply with the procedural requirements of *Lozada*. Under *Lozada*, an alien claiming ineffective assistance in removal proceedings "must file an affidavit explaining the errors made by his lawyer, confirm that the lawyer knows about the claim, and state whether the individual filed a grievance with the appropriate state bar disciplinary authority." *Al-Saka v. Sessions*, 904 F.3d 427, 432 (6th Cir. 2018) (citing *Lozada*, 19 I. & N. Dec. at 638-39). In support of his appeal to the BIA, Eugenio-Reyes provided complaints against Velez filed with the Executive Office for Immigration Review and with the Colegio de Abogados de Puerto Rico. Eugenio-Reyes did not provide an affidavit—only an untranslated statement—or confirmation that Velez knew about his complaints. Eugenio-Reyes asserts that the hearing transcript documents Velez's ineffectiveness but cites no authority excusing him from compliance with the *Lozada* requirements on that basis. Eugenio-Reyes's "failure to comply [with the *Lozada* requirements] results in a forfeiture of his ineffective-assistance-of-counsel claim." *Hamid v. Ashcroft*, 336 F.3d 465, 469 (6th Cir. 2003) (recognizing that "[s]ound policy reasons support compliance with the *Lozada* requirements").

The BIA also went on to determine that Eugenio-Reyes had failed to establish that he was prejudiced by Velez's ineffectiveness. To show prejudice, an alien "must establish that, but for the ineffective assistance of counsel, he would have been entitled to continue residing in the United States." *Sako v. Gonzales*, 434 F.3d 857, 864 (6th Cir. 2006). Eugenio-Reyes claimed that he had provided corroborating documents to Velez and that Velez was ineffective for failing to supplement his application with these additional documents. But Eugenio-Reyes failed to provide these documents to the BIA or explain how, but for Velez's failure to submit these documents, the outcome of his case would have been different. The BIA properly determined that Eugenio-Reyes had failed to establish prejudice. *See Gaye v. Lynch*, 788 F.3d 519, 530-31 (6th Cir. 2015).

Eugenio-Reyes argues that he was denied his due process right to a fair hearing. "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). This court has recognized that a due process violation may arise where an immigration judge "fail[s] to stop a compromised attorney from infecting the proceedings with unfairness." *Al-Saka*, 904 F.3d

at 434. "Such a violation arises . . . [where the attorney's] actions corrupted the proceedings, the judge knew it, and the judge didn't do anything about it." *Id*. Eugenio-Reyes contends that the hearing transcript shows Velez's ineffectiveness in failing to submit critical corroborating evidence and that the IJ had a "due process obligation to stop" his attorney from "turning [the] hearing into a sham." *Id*. When the IJ expressed concern during the hearing about Eugenio-Reyes's failure to submit his tax returns, Montierth responded, "I would just have to ask Mr. Velez what the status is on any other evidence." (A.R. 161). The IJ's statement—"you probably should have asked him before today"—reflects more on Montierth's performance than Velez's. (*Id*.). Regardless, Eugenio-Reyes complains about poor, rather than corrupt, lawyering. "But poor lawyering, such as missed filing deadlines, bad litigation tactics, and the like, does not count as a due process violation merely because it rises to the level of poor lawyering." *Al-Saka*, 904 F.3d at 434.

For these reasons, we **DISMISS** Eugenio-Reyes's challenge to the denial of cancellation of removal and otherwise **DENY** his petition for review.