**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 6, 2021**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ALEJANDRO LOPEZ-VALENZUELA,

Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

Respondent.

No. 21-9526
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ** and **ROSSMAN**, Circuit Judges.
_____

Mr. Alejandro Lopez-Valenzuela petitions for review of a final decision by the

Board of Immigration Appeals (BIA).  The BIA dismissed Mr. Lopez-Valenzuela's

appeal from an Immigration Judge's (IJ) order denying an additional continuance and

finding Mr. Lopez-Valenzuela had not established ineffective assistance of his prior

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel.  Exercising jurisdiction under 8 U.S.C. § 1252(a)(5), we deny the petition for review.

## BACKGROUND

Mr. Lopez-Valenzuela is a native and citizen of Mexico who entered the United States in 2000.  Almost twelve years later, the government began removal proceedings on the ground that Mr. Lopez-Valenzuela had entered the country without authorization.  An IJ granted Mr. Lopez-Valenzuela a year-long continuance to obtain legal representation and prepare his case.

In January 2014, Mr. Lopez-Valenzuela appeared at a hearing with counsel and asked for more time to prepare.  The IJ granted a nine-month continuance and directed the filing of pleadings.  During that time, Mr. Lopez-Valenzuela filed an application for cancellation of removal based on hardship to his United States-citizen daughter, who suffers from asthma and lives in Georgia with her mother.

Mr. Lopez-Valenzuela's next hearing was scheduled for August 2017.  He appeared at the hearing with counsel, who said he had "lost track of the pleadings" and was not prepared to proceed.  R. at 89.  The IJ continued the hearing for a month.

In September 2017, Mr. Lopez-Valenzuela appeared before the IJ, conceded removability, and submitted proof that an I-130 form had been filed on his behalf.[1]  The IJ scheduled a final hearing on Mr. Lopez-Valenzuela's cancellation of removal

---

[1] An approved I-130 form can confirm that an alien is a relative of a United States citizen and is a step toward "apply[ing] for an immigrant visa or adjustment of status." *Id.* at 273.

application for February 2019 and ordered that all documentary evidence be submitted thirty days before the hearing. Six months before that hearing, however, Mr. Lopez-Valenzuela's counsel withdrew.

Mr. Lopez-Valenzuela appeared at the February 2019 hearing with newly-retained counsel, who moved for a continuance because "he was just recently retained and [was] unprepared to handle the case," *id.* at 105, and needed time to "compile and submit" documentation supporting cancellation of removal, *id.* at 288. New counsel explained in his written motion that he had some concerns about how Mr. Lopez-Valenzuela's prior counsel had prepared the case. The IJ found no good cause for the requested continuance, given the length of time the removal proceedings had been pending, the multiple opportunities Mr. Lopez-Valenzuela had already been given to prepare his case, and the fact that new counsel was retained on the eve of the final hearing. Further, the IJ determined that Mr. Lopez-Valenzuela "did not provide evidence to meet the standards under *Matter of Lozada* to make an ineffective assistance of counsel claim." *Id.* at 55 (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) (articulating the requirements for an ineffective assistance of counsel claim in immigration proceedings)).

The IJ then took testimony from Mr. Lopez-Valenzuela in support of his application for cancellation of removal. Mr. Lopez-Valenzuela testified about his daughter's health, stating that she uses an inhaler, but he did not know how often she used it or how serious her asthma is. He further testified that she would remain in the United States with her mother if he were removed to Mexico.

The IJ denied cancellation of removal, concluding that Mr. Lopez-Valenzuela failed to show his removal would create a hardship for his daughter.[2]  The IJ granted Mr. Lopez-Valenzuela's request, unopposed by the government, for voluntary departure.

Mr. Lopez-Valenzuela then appealed to the BIA, challenging the denial of the requested continuance and seeking a remand to the IJ for a new hearing due to the ineffective assistance of his prior counsel.

The BIA dismissed the appeal and denied remand.  The BIA first determined that Mr. Lopez-Valenzuela had not shown good cause for a continuance, as he had not explained his delay in retaining new counsel sufficiently in advance of the hearing or demonstrated prejudice from the denial of the continuance.  Next, the BIA determined that Mr. Lopez-Valenzuela had not complied with any of the procedural requirements for bringing an ineffective assistance of counsel claim nor identified evidence in support of that claim.  Finally, the BIA ruled that he had waived any challenge to the IJ's denial of cancellation of removal.

## DISCUSSION
### I.  Standards of Review

Where, as here, a single BIA member issues a brief order deciding the merits of an appeal, we review the BIA's order and consult the IJ's decision when necessary to understand the grounds for the BIA's decision.  *See Uanreroro v. Gonzales*, 443 F.3d

---

[2] "The Attorney General may cancel removal of . . . an alien who is inadmissible or deportable from the United States if the alien," among other things, "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  8 U.S.C. § 1229b(b)(1).

1197, 1204 (10th Cir. 2006). When reviewing the denial of a continuance, we apply an abuse-of-discretion standard and grant relief "[o]nly if the decision was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011) (brackets and internal quotation marks omitted). Otherwise, "[w]e review the BIA's legal determinations de novo, and its findings of fact under a substantial-evidence standard." *Kabba v. Mukasey*, 530 F.3d 1239, 1244 (10th Cir. 2008) (internal quotation marks omitted).

## II.  Continuance

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. As the party seeking a continuance, Mr. Lopez-Valenzuela bore the burden of showing good cause. *See Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018).

When "a motion for continuance [is] based upon an asserted lack of preparation and a request for opportunity to obtain and present additional evidence," the "alien at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence he seeks to present is probative, noncumulative, and significantly favorable to the alien." *Matter of Sibrun*, 18 I. & N. Dec. 354, 356 (BIA 1983).

Mr. Lopez-Valenzuela contends he "diligently . . . obtain[ed] new counsel" and "ha[d] new counsel review the limited information prior to the hearing." Pet'r's Br. at 27. But he does not address why he delayed retaining new counsel until right before the hearing, given that prior counsel had withdrawn from the case six months earlier.

5

Nor does he identify any specific evidence he would have submitted if he had been granted a continuance.

As the BIA correctly observed, Mr. Lopez-Valenzuela's case had been continued numerous times at his request—once so he could obtain counsel and prepare for a merits hearing and twice so newly-retained counsel could prepare for the hearing. Under these circumstances, and where Mr. Lopez-Valenzuela failed to meet *Sibrun*'s requirements, the BIA did not err in rejecting Mr. Lopez-Valenzuela's challenge to the IJ's denial of a fourth continuance.

Further, "even where an alien has made this minimum required showing," he must also "establish[ ] that that denial [of a continuance] caused him actual prejudice and harm and materially affected the outcome of his case." *Sibrun*, 18 I. & N. Dec. at 356-57. Mr. Lopez-Valenzuela contends that "prejudice can be assumed" because he testified before the IJ that his removal would pose a hardship to his daughter. Pet'r's Br. at 26. But there are at least two flaws in this argument. First, Mr. Lopez-Valenzuela identifies no authority, and we have found none, indicating that an assumption of prejudice is consistent with the "actual prejudice" required in *Sibrun*. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 788 (BIA 2009) (stating that "*Matter of Sibrun* . . . set a high standard for adjudicating motions to continue" and that "these motions must be accompanied, at a minimum, by a reasonable showing" of "significantly favorable" evidence (internal quotation marks omitted)). Second, in the BIA, Mr. Lopez-Valenzuela waived any challenge to the IJ's denial of his application for cancellation of removal. Thus, to the extent Mr. Lopez-Valenzuela's argument in this court depends on a review of the IJ's

6

adverse hardship ruling, we lack jurisdiction to consider the issue. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (observing that an alien must exhaust an argument in "the BIA before he or she may advance it in court").

We see no abuse of discretion in the denial of Mr. Lopez-Valenzuela's motion for a continuance.

### III. Ineffective Assistance of Counsel

Under *Matter of Lozada*, a motion based on a claim of ineffective assistance of counsel must be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with former counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that former counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and if not, why not.

*Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003) (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988)).

Mr. Lopez-Valenzuela argues "it was an error to require [him] to comply with the requirements of *Matter of Lozada* while his case was pending." Pet'r's Br. at 29. He seems to contend that the procedural requirements for an ineffective assistance of counsel claim, articulated in *Lozada*, only apply in the context of a motion to reopen. Mr. Lopez-Valenzuela provides no authority to support this argument, and we have found none. Indeed, at least two other circuits have rejected similar arguments. *See Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 514 (2d Cir. 2006) (declining to apply *Lozada* "less strictly when the BIA evaluates an ineffective assistance of counsel claim on the direct appeal of an IJ's decision, rather than on a motion to reopen filed before the IJ or

7

the BIA"); *Hamid v. Ashcroft*, 336 F.3d 465, 469 (6th Cir. 2003) (finding no error where the BIA declined to waive "technical[ ] compl[iance]" with *Lozada* on a direct appeal of an IJ's removal order). Further, this court has held that failure to comply with all three of the *Lozada* procedural requirements, as occurred here, is fatal to an ineffective-assistance claim. *See Tang v. Ashcroft*, 354 F.3d 1192, 1196-97 (10th Cir. 2003) (declining to "decide whether substantial compliance [with *Lozada*] would be sufficient because [the petitioner] . . . made no attempt to comply with any of *Lozada*'s requirements").

We discern no error in the BIA's rulings regarding Mr. Lopez-Valenzuela's ineffective-assistance claim.

### CONCLUSION

We deny the petition for review.

Entered for the Court


Veronica S. Rossman
Circuit Judge