**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 8, 2007**

**FOR THE TENTH CIRCUIT**

---

ISMAILA YERO,

      Petitioner,

  v.

ALBERTO R. GONZALES,
United States Attorney General,

      Respondent.

No. 06-9554
(No. A79-494-656)
(Petition for Review)

---

**ORDER AND JUDGMENT***

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

Petitioner Ismaila Yero challenges the Board of Immigration Appeals'

(BIA's) order denying his motion to reopen the proceedings. Specifically, he

contests the BIA's findings that he was not diligent in moving to reopen and that

he failed to meet the requirements for asserting an ineffective-assistance-of-

counsel claim. We deny the petition.

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Mr. Yero is a native and citizen of Mauritania. He entered this country in April 2001, but was not admitted or paroled after inspection. In August 2001, he applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming persecution due to his Fulani ethnicity. The former Immigration and Naturalization Service ordered that he appear for a hearing, where his application was ultimately denied.

Mr. Yero then appealed to the BIA, which affirmed without opinion on October 5, 2004. Thirty-five days later, on November 9, 2004, he filed in this court a petition for review. After several weeks, Mr. Yero moved this court to accept the late filing of his petition, *see* 8 U.S.C. § 1252(b)(1) (requiring that the petition "be filed not later than 30 days after the date of the final order of removal"), citing "errors made by the courier company" hired to file the petition, *Yero v. Ashcroft*, No. 04-9606, Mot. to Accept Late Filing at 1 (10th Cir. Nov. 29, 2004). On April 29, 2005, this court dismissed the petition as untimely.

On August 15, 2005, Mr. Yero's attorney, Sharon Healey, who had been representing him since the removal hearing, filed with the BIA a motion "to reopen [Mr. Yero's] case and re-enter [the] order denying his appeal in order to restart the 30 day period for filing the petition for review in the Tenth Circuit Court of Appeals." Supp. Admin. R. at 14. Ms. Healey argued that she was ineffective in filing the petition late. The BIA denied the motion, ruling that Ms.

Healey (1) had not acted diligently in seeking to reopen the case; and (2) had not complied with two of the three requirements for asserting an ineffective-assistance-of-counsel claim under *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

Mr. Yero, through attorney Healey, now petitions this court for review, arguing that the period in which to seek reopening was equitably tolled and that *Lozada*'s requirements are not "sacrosanct." Pet'r Br. at 4 (quotation omitted).

## DISCUSSION

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Huerta v. Gonzales*, 443 F.3d 753, 757 (10th Cir. 2006). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005) (quotation omitted).

### I. Equitable Tolling

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Here, Mr. Yero's motion was filed 314 days after the BIA's affirmance of his removal. Nevertheless, Ms. Healey asserts that the 90-day period was equitably tolled until Mr. Yero learned that she was ineffective, which purportedly occurred when this court dismissed the petition for review.

Equitable tolling is available only if the alien has exercised due diligence in pursuing the case during the requested tolling period. *See Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005). The BIA found that Ms. Healey did not diligently seek reopening, as she knew the courier company had filed the petition late, but instead of moving to reopen at that point, she elected to pursue the untimely petition. We agree that Ms. Healey did not exercise due diligence.

This court's jurisdiction is dependent upon the timely filing of a petition for review. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). The jurisdictional bar against untimely petitions is mandatory, "not subject to equitable tolling," and avoidable only in "unique circumstances" not present here, such as when a judicial officer specifically assures the party that he or she has properly acted to postpone the filing deadline. *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (quotations omitted). Given the obvious jurisdictional defect in Mr. Yero's petition and the availability of a motion to reopen with the BIA, it was not diligent for Ms. Healey to wait for this court to act on the jurisdictional defect before moving to reopen. *See Galvez Pineda*, 427 F.3d at 839 (holding that aliens' reliance on a flawed petition in this court "that led them to forgo a motion to reopen at the outset" did not establish the requisite diligence for equitable tolling, as "[r]emovable aliens are not permitted to delay matters by pursuing multiple avenues of relief seriatim when no reason

suggests why they could not be pursued simultaneously"). The BIA did not abuse its discretion in refusing to equitably toll the 90-day limitations period.[1]

## II. Ineffective Assistance of Counsel

The BIA also determined that Ms. Healey failed to comply with two of the three requirements for asserting an ineffective-assistance-of-counsel claim on behalf of Mr. Yero.

> Under *Matter of Lozada*, a motion based on a claim of ineffective assistance of counsel must be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with . . . counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that . . . counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and if not, why not.

*Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003). Here, there is no affidavit from Mr. Yero, and Ms. Healey indicated that she did not report the late filing to disciplinary authorities.

Ms. Healey maintains that strict compliance with *Lozada* is unnecessary. She cites Ninth Circuit case law allowing ineffective-assistance claims to proceed on substantial compliance when "the purpose of *Lozada* is fully served by other means." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824-25 (9th Cir. 2003)

---

[1] Even if the limitations period were equitably tolled until this court dismissed Mr. Yero's petition as untimely on April 29, 2005, Ms. Healey still did not file the motion to reopen within 90 days. Although Ms. Healey attempted to file a motion to reopen on July 12, 2005—within 90 days from this court's dismissal—the motion was rejected for failure to pay the filing fee.

(quotation omitted) (holding that alien's failure to file a bar complaint against his former counsel would not defeat his otherwise *Lozada*-compliant ineffective-assistance claim where former counsel had reported himself to the bar). While we have not yet decided whether to extend the substantial-compliance doctrine to *Lozada*, we have noted other circuits' unwillingness to apply the doctrine when two of the *Lozada* requirements have not been satisfied. *See Tang v. Ashcroft*, 354 F.3d 1192, 1196-97 (10th Cir. 2003), *citing Gbaya v. U.S. Attorney Gen.*, 342 F.3d 1219, 1222 n.2 (11th Cir. 2003) (stating that alien's "fail[ure] to comply with at least two out of three *Lozada* requirements . . . would not be in substantial compliance with *Lozada*"), *Hamid v. Ashcroft*, 336 F.3d 465, 468-69 (6th Cir. 2003) (holding that alien's failure to provide an affidavit and make a bar complaint precluded substantial compliance), *and Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 134-35 (3d Cir. 2001) (same).

Moreover, Ms. Healey has failed to indicate how anything in the motion to reopen served the purposes of an alien's affidavit and a disciplinary complaint, so as to invoke substantial compliance under the Ninth Circuit's view of the doctrine. All we have before us are Ms. Healey's reasons for not reporting the untimely filing to disciplinary authorities: "no complaint has been filed . . . because the actions of counsel in this matter do not constitute gross negligence or fraud and a complaint may result in a conflict of interest between [Mr. Yero] and counsel that would terminate counsel's on-going *pro-bono* representation." Supp.

Admin. R. at 18; *see also id.* at 24 (Ms. Healey's affidavit statement that "Mr. Yero wishes me to continue to represent him on a *pro-bono* bais [sic]"). As observed by the BIA, an affidavit from Mr. Yero would have been useful in determining whether "he was advised by [Ms. Healey] of [her] error and his alternatives and options as a result of [Ms. Healey's] actions, and that he agrees to continue [Ms. Healey's] legal representation . . . in light of this knowledge." *Id.* at 3. We find the BIA's observation entirely reasonable. The information required in an alien's "sworn affidavit enables . . . the BIA to pre-evaluate the bona fides of the [alien's] claim in [order to] determin[e] whether a hearing is even warranted." *Wang v. Ashcroft*, 367 F.3d 25, 27 (1st Cir. 2004) (quotation omitted; first alteration added). And "by exposing an alien to the potential pains of perjury, the affidavit requirement foster[s] an atmosphere of solemnity commensurate with the gravity of the [ineffective assistance] claim[s], and serves as a screening device whereby deportable aliens are discouraged from filing dilatory ineffective assistance claims." *Betouche v. Ashcroft*, 357 F.3d 147, 150 (1st Cir. 2004) (quotations and citation omitted). The filing of a disciplinary complaint serves similar purposes, as it fosters "confidence in the validity of the particular claim, reduces the likelihood that an evidentiary hearing will be needed, . . . serves [the BIA's] long-term interests in monitoring the representation of aliens by the immigration bar[,] . . . [and] acts as a protection against collusion between counsel and client to achieve delay in proceedings."

*Matter of Assaad*, 23 I. & N. Dec. 553, 556 (BIA 2003). We conclude that these purposes are not served by counsel's own view of the gravity of error committed or by counsel's representations as to the client's desire to maintain the lawyer-client relationship.

Thus, even if we were to follow the Ninth Circuit's formulation of the substantial-compliance doctrine in the context of *Lozada*'s requirements, the doctrine has not been satisfied here. The BIA did not abuse its discretion in rejecting Mr. Yero's ineffective-assistance claim.

The petition for review is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge