FILED
United States Court of Appeals
Tenth Circuit

January 18, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CLAUDIA BEATRIZ HERNANDEZ
LOPEZ,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
United States Attorney General,*

Respondent.

No. 18-9505
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Claudia Beatriz Hernandez Lopez, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals (BIA) decision denying her

motion to reopen. We deny the petition for review.

---

\* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Matthew G. Whitaker is substituted for Jefferson B. Sessions, III, as the
respondent in this action.

\*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Fleeing alleged gang violence in El Salvador, Ms. Lopez has attempted to enter the United States four times. Among them, in July 2014, she told immigration officials she came only to work and would live in Albuquerque with an uncle, but then asked for protection, saying she was afraid of a gang member. She was found not to have a credible fear of persecution or torture and was removed to El Salvador on October 1, 2014. In May 2015 she again tried to enter the United States but was caught in Mexico and returned to El Salvador. When she next entered the United States, in August 2015, an immigration officer issued a notice of intent to reinstate her original removal order, and she was removed to El Salvador on October 1, 2015. She subsequently reentered the United States in December 2015, at which time an immigration officer issued yet another notice of intent to reinstate her original removal order, finding she did not have a reasonable fear of returning to El Salvador. An immigration judge (IJ) reversed that decision, however, and allowed her to apply for withholding of removal and protection under the Convention Against Torture (CAT). *See* 8 C.F.R. § 1208.31(g)(2).

In support of these claims, Ms. Lopez testified before an IJ that a gang member in El Salvador named "Tiny" repeatedly made sexual advances toward her and eventually kidnapped her. Admin. R. at 619. She stated that after abducting her, Tiny and two other men raped her and left her naked and bound with rope outside her home. She claimed she was persecuted on account of her membership in several

2

different social groups, including "women in El Salvador unable to leave domestic relationships or an attempted domestic relationship." *Id.* at 542.

The IJ noted several inconsistencies in Ms. Lopez's statements, but ultimately found she was "for the most part" credible. *Id.* at 540. The IJ nevertheless found that Ms. Lopez was not a member of the above social group and, by order dated October 19, 2016, denied relief.[1] Ms. Lopez challenged that decision, but on April 12, 2017, the BIA affirmed, noting that Ms. Lopez had abandoned her CAT claim. Through new counsel, Ms. Lopez moved the BIA to reconsider, but the BIA denied her motion, and we denied her petitions for review, *see Lopez v. Sessions*, 744 F. App'x 574, 576 (10th Cir. 2018) (unpublished).

On July 11, 2017, while her petitions for review were pending in this court, Ms. Lopez moved the BIA to reopen her administrative proceedings (her earlier motion to reconsider was denied by the Board on June 15, 2017). She sought to submit reports on country conditions in El Salvador and a sworn statement that she prepared "as a hypothetical continuation of her live testimony" before the IJ, Admin. R. at 102. She argued that these materials were previously unavailable because her first attorney was ineffective in failing to present them. Later, she moved to supplement her motion to reopen with another report prepared by an expert on country conditions in El Salvador. According to Ms. Lopez, the expert report

---

[1] The IJ found that the other social groups advanced by Ms. Lopez were not "socially distinct" groups. Admin. R. at 544-46.

3

bolstered her claim that she had been "'in a relationship' with the gang by virtue of having been unilaterally claimed by the gang leader to be his girlfriend." *Id.* at 9.

The BIA denied the motion to reopen. The BIA ruled that 1) it was untimely, 2) the documents Ms. Lopez sought to submit were not previously unavailable and did not show materially changed conditions in El Salvador, and 3) she did not satisfy the requirements for claiming ineffective assistance of counsel. Ms. Lopez now contests the BIA's decision, arguing her motion to reopen was timely and there are no alternative grounds upon which the BIA's decision can be sustained.

## II

"We review the BIA's decision on a motion to reopen only for an abuse of discretion." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (brackets and internal quotation marks omitted). "[M]otions to reopen immigration cases are plainly disfavored, and [the alien] bears a heavy burden to show the BIA abused its discretion." *Id.* (brackets and internal quotation marks omitted). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). "[O]ur review is confined to the reasoning given by the agency, and we will not independently search the record for alternative bases to affirm." *Karki v. Holder*, 715 F.3d 792, 800 (10th Cir. 2013) (brackets and internal quotation marks omitted). But the BIA's decision may be sustained on alternative grounds articulated by the agency. *See id.* at 804 (rejecting agency's decision on one ground and proceeding to evaluate agency's

4

alternative rationale); *Nazaraghaie v. INS*, 102 F.3d 460, 464 (10th Cir. 1996) (finding any error in BIA's conclusion regarding past persecution was harmless because the agency's decision was supported by record evidence rebutting any presumption of future persecution).

### A. Timeliness

The BIA first denied the motion to reopen on the basis that it was untimely. Generally, a motion to reopen must be filed within 90 days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA issued its final order of removal on April 12, 2017, and Ms. Lopez filed her motion to reopen 90 days later, on July 11, 2017. Consequently, the motion to reopen was timely, and the agency's decision must be sustained, if at all, on some alternative ground proffered by the BIA. *See Karki*, 715 F.3d at 804.

### B. Ineffective Assistance

As previously noted, the BIA also denied Ms. Lopez's motion to reopen on the basis that she did not satisfy the requirements for claiming ineffective assistance of counsel.[2] "In order to assert an ineffective-assistance claim in support of [her]

---

[2] Without citation to authority, Ms. Lopez summarily contends that the BIA's ineffective-assistance analysis presupposed that her motion to reopen was untimely and, therefore, it is 'not transfer[]able' to the issue of whether reopening was warranted. Pet'r's Br. at 45 n.11. "A party's offhand reference to an issue in a footnote, without citation to legal authority or reasoned argument, is insufficient to present the issue for our consideration." *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016). Even if Ms. Lopez properly presented the issue for appellate review, her argument would still fail because the BIA's decision confirms that the ineffective-assistance analysis was an independent basis for denying the motion to

(continued)

motion to reopen, [Ms. Lopez] had to comply with the BIA's requirements." *Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003).

> Under *Matter of Lozada*, a motion based on a claim of ineffective assistance of counsel must be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with former counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that former counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and, if not, why not. *Matter of Lozada*, 19 I. & N. Dec. [637,] 639 [(BIA 1988)].

*Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003).

The BIA determined that Ms. Lopez failed to comply with the second and third *Lozada* requirements. Regarding the second requirement—notice to her attorney— the BIA observed that the motion was supported by a letter to her attorney but there was no evidence the letter was mailed, nor was there any indication that her attorney responded. Regarding the third requirement—a disciplinary complaint—the BIA noted that Ms. Lopez acknowledged that her attorney did not violate any ethical or legal duties and that no bar complaint was filed.

The record confirms these deficiencies. Ms. Lopez contends she satisfied the second *Lozada* requirement because, concurrently with the filing of her motion to reopen, she sent a letter via certified mail to her prior counsel informing him of the alleged deficiencies in his representation. As the BIA observed, however, there is no

---

reopen. *See* Admin. R. at 3 ("The applicant *also* attempts to assert a claim of ineffective assistance of counsel but has not substantially complied with the requirements for asserting such a claim." (emphasis added)).

6

evidence the letter was actually sent; the letter is neither dated nor post-marked. *See* Admin. R. at 338. Although Ms. Lopez offers to submit a certified-mail receipt to this court, "our review is restricted to 'the administrative record on which the order of removal is based,'" *Infanzon v. Ashcroft*, 386 F.3d 1359, 1363 (10th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(A)). Moreover, even if she did mail the letter to her attorney the same day she filed her motion to reopen, she denied counsel the opportunity to respond to her allegations before she filed the motion. Under these circumstances, Ms. Lopez failed to satisfy the second *Lozada* requirement. *See Reyes v. Ashcroft*, 358 F.3d 592, 598-99 (9th Cir. 2004) (holding that second *Lozada* requirement was not satisfied where alien failed to provide evidence that counsel was informed of the ineffective-assistance claim and given an adequate opportunity to respond before alien filed the motion to reopen).

As for the third *Lozada* requirement, the BIA faulted Ms. Lopez for failing to file a disciplinary complaint against her former attorney and instead acknowledging that her attorney did not violate any legal or ethical duties. In the letter she prepared for her prior counsel, Ms. Lopez admitted that she did "*not* fil[e] a grievance with any disciplinary authorities." Admin. R. at 338. She also conceded that her attorney "did *not* violate any professional rules of conduct" and that her case was a "close call." *Id.* Nonetheless, Ms. Lopez contends she complied with *Lozada* because a disciplinary complaint is required "*only* where the [alien] asserts that prior counsel's actions violated his ethical or legal responsibilities." Pet'r's Br. at 47. We are not persuaded.

7

A disciplinary complaint serves to discourage aliens from filing dilatory ineffective-assistance claims in immigration proceedings because it

> fosters "confidence in the validity of the particular claim, reduces the likelihood that an evidentiary hearing will be needed, serves the BIA's long-term interests in monitoring the representation of aliens by the immigration bar, and acts as a protection against collusion between counsel and client to achieve delay in proceedings."

*Yero v. Gonzales*, 236 F. App'x 451, 454 (10th Cir. 2007) (unpublished) (brackets and ellipses omitted) (quoting *Matter of Assaad*, 23 I. & N. Dec. 553, 556 (BIA 2003)).[3]  Although Ms. Lopez insists that her prior counsel's representation was still "prejudicially deficient," Pet'r's Br. at 48, her present "counsel's own view of the gravity of error" does not serve the foregoing purposes, *Yero*, 236 F. App'x at 454.

Accordingly, having correctly concluded that Ms. Lopez failed to satisfy two of the three *Lozada* requirements, the BIA did not abuse its discretion in denying the motion to reopen.  *See Tang*, 354 F.3d at 1197 (citing cases recognizing that BIA does not abuse its discretion in denying a motion to reopen based on alien's failure to satisfy two of the three *Lozada* requirements).[4]

---

[3] We may consider non-precedential, unpublished decisions for their persuasive value.  *See* 10th Cir. R. 32.1(A); Fed. R. App. P. 32.1.

[4] Because we conclude Ms. Lopez's ineffective assistance of counsel argument does not provide a basis for reversal, we need not reach her additional arguments.

## III

The petition for review is denied.  Ms. Lopez's motion to proceed on appeal without prepayment of costs or fees is granted, and we remind her of her obligation to pay the full amount of the appellate filing and docketing fees.

Entered for the Court

Joel M. Carson, III
Circuit Judge